IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Evelyn Ramírez Lluveras;
Jenitza Cáceres;
MC and MAC, represented in this
action by their mother Evelyn Ramírez-Lluveras;

   Plaintiffs

v.

Javier Pagán Cruz;
Carlos Sustache Sustache;
Zulma Díaz;
Edwin Rivera-Merced;
Víctor Cruz;
Fulano, Sutano and Mengano, all of which are
fictitious names representing employees, contractors
or agents of the Puerto Rico Police Department,
whose identities are unknown at this time

   Defendants

Civ. Number 08- 1486 (RLA)

JURY TRIAL DEMANDED



## COMPLAINT

TO THE HONORABLE COURT:

NOW COME THE PLAINTIFFS, through the undersigned attorneys, and respectfully allege and pray as follows:

### I. INTRODUCTION

1. This is an action for wrongful death and assault and battery and related violations of the constitutional rights of plaintiffs' decedent by defendants. The claims, filed on behalf of the widow and children of Miguel Cáceres-Cruz, arise from the acts and

omissions by defendants Pagán, Díaz and Sustache, in Humacao, Puerto Rico on August 11, 2007, when, without cause or legal justification, defendant Pagán shot and killed Miguel Cáceres Cruz, with defendants Sustache and Díaz collaborating with these actions and/or failing in their duty to prevent the same. Plaintiffs also file this action against the Humacao Area Commander, Edwin Rivera Merced, and the head of the Tactical Operations Unit of Humacao, Miguel Vázquez-San Antonio, both of whom they allege were deliberately indifferent to the rights of their decedent, and caused the damages alleged, due to their failure to adequately supervise, evaluate, discipline, assign and/or monitor the officers on the scene. Plaintiffs also bring this action against as yet unidentified other persons, employees and/or agents of the Puerto Rico Police Department (PRPD), whose actions and omissions were taken in deliberate indifference to the rights of their decedent and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

## II. JURISDICTION

2.1 This action is brought pursuant to 42 USC §1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§1331 and 1343 and the aforementioned statutory provisions. Plaintiffs further invoke the supplemental jurisdiction of the Court pursuant to 28 USC §1367 to hear and decide claims arising under the laws of Puerto Rico and any related

claims which are deemed to be with respect to the pendent parties.

2.2 This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

### III. PARTIES

3.1 Plaintiff Evelyn Ramírez-Lluveras is a citizen of Puerto Rico and the widow of the decedent Miguel Cáceres-Cruz.

3.2 Plaintiffs Jenitza Cáceres and the minor children identified as MC and MAC are the only children of Miguel Cáceres-Cruz.

3.3 The plaintiffs are the sole heirs of the deceased Miguel Cáceres Cruz.

3.4 Defendants Javier Pagán-Cruz, Carlos Sustache-Sustache, and Zulma Díaz [hereinafter referred to as "Pagán", "Sustache" and "Díaz"], were at all times relevant to this complaint police officers of the Commonwealth of Puerto Rico Police Department ["PRPD"] assigned to the Humacao Area Tactical Operations Unit.

3.5 The aforementioned defendants directly caused the injuries to and death of plaintiffs' decedent on August 11, 2007, and the violation of his civil rights, when he was shot and killed by defendant Pagán. Defendants Sustache and Díaz also caused injury to plaintiff's decedent by their actions and omissions in failing to prevent defendant Pagán from using excessive force and killing Miguel Cáceres Cruz.

3.6. Defendants Miguel Vázquez-San Antonio and Edwin Rivera-Merced, were at all times relevant to the complaint respectively the Director of the Tactical Operations Unit

of Humacao and the Area Commander for the Humacao Area of the PRPD, and thus charged with the responsibility of supervising the actions of police officers Pagán, Sustache and Díaz. On information and belief, these officers failed in their duty to supervise, evaluate, monitor, assign and/or discipline agents Pagán, Sustache and Díaz, or otherwise assure that they would not represent a danger to citizens such as Miguel Cáceres-Cruz, proximately causing the injuries alleged herein.

3.7 Defendants Fulano, Mengano and Sutano were at all times relevant to this complaint employees or agents of the PRPD, charged with monitoring, supervising, evaluating, assigning, disciplining and/or administering or otherwise processing complaints within the complaint system of the department, and failed in these duties with respect to defendants Pagán, Sustache and/or Díaz. These defendants, whose identity is unknown to the plaintiffs at this time, proximately caused the injuries alleged herein by their deliberately indifferent actions and omissions with respect to the aforementioned duties and due to their failure to adequately identify, monitor and sanction and/or assign these officers, whose dangerous tendencies and behaviors led to the events complained of herein.

3.8 At all times relevant to this complaint, all defendants were acting under color of the law of the Commonwealth of Puerto Rico.

3.9 Each of these defendants is sued in his/her personal capacity.

## IV. FACTUAL ALLEGATIONS

4.1. On August 11, 2007, plaintiff's decedent Miguel Cáceres-Cruz was present on a street in Humacao, Puerto Rico, when officers Pagán, Sustache and Díaz, without any cause or legal justification, intervened with him and detained him, forcing him to the ground and threatening him with arrest.

4.2. Without any cause or justification, officer Pagán proceeded to shoot at Cáceres-Cruz, with the encouragement and/or instigation of officers Sustache and Díaz.

4.3 After shooting plaintiffs' decedent several times, Pagán proceeded to shoot him in his head, fatally injuring him.

4.4. While defendant Pagán was illegally restricting the movements of Miguel Cáceres and thereafter shooting at the decedent, defendants Sustache and Díaz failed in their duty to prevent this illegal and unconstitutional conduct on the part of a fellow PRPD officer or offer any aid to the man Pagán had injured and who eventually died as a result thereof.

4.5. Defendants Vázquez-San Antonio and Rivera-Merced, at all times relevant to this complaint, were indirectly or directly in charge of the supervision of the activities of defendants Pagán, Sustache and Díaz.

4.6. Both defendants Vázquez-San Antonio and Rivera-Merced had specific duties with respect to the training, supervision, monitoring, assigning, evaluating and/or disciplining of defendants Pagán, Sustache and Díaz, which they failed to perform, resulting in the injuries claimed herein.

4.7 On information and belief, defendants Vázquez-San Antonio and Rivera-Merced knew or should have known that one or more of the defendants Pagán, Sustache and Díaz, had violent tendencies and/or records of prior violent behavior which made their assignment to jobs on the streets of Puerto Rico a danger to its citizens.

4.8. On information and belief, defendants Vázquez-San Antonio and Rivera-Merced failed to properly supervise, monitor, evaluate, assign and/or discipline defendants Pagán, Sustache and/or Díaz, or to take any action to prevent or correct the known deficiencies of Pagán, Sustache and/or Díaz or to place them in positions where they would not have contact with the public. The acts or omissions by the defendants mentioned herein were deliberately indifferent to and in reckless disregard of the rights of plaintiffs' decedent and proximately caused the violations of these rights and the damages alleged herein.

4.9. Defendants Fulano, Mengano and Sutano, police officers and/or employees or agents of the PRPD who are represented at this time by fictitious names, as their true identity is unknown to the plaintiffs, also had specific duties with respect to supervising, assigning, monitoring, evaluating, training and/or disciplining defendants Pagán, Sustache and/or Díaz and/or the other named defendants. These defendants failed to take any action to prevent or correct the known deficiencies of these officers or to place them in positions where they would not have contact with the public. The acts or omissions by the defendants mentioned herein were deliberately indifferent to and in reckless disregard of the rights of plaintiffs' decedent and proximately caused the violations of these rights

and the damages alleged herein.

4.10. Miguel Cáceres-Cruz died as a direct and proximate result of the grossly negligent and/or culpable actions and omissions of all of the defendants, which were taken in reckless disregard of and in deliberate indifference to the constitutional rights of plaintiff's decedent.

4.11. Prior to his death, Miguel Cáceres-Cruz suffered extreme pain, fear, desperation and other emotional and physical sufferings, as a direct and proximate result of the actions and omissions described herein.

4.12 The plaintiffs in this action, as the sole heirs of Miguel Cáceres-Cruz, inherit the cause of action which belonged to their decedent, and claim compensation for the sufferings of Miguel Cáceres-Cruz prior to his demise.

4.13. As a direct and proximate result of the negligent and culpable and reckless and deliberately indifferent acts and omissions described herein, all plaintiffs lost the company and affection of their father and husband, causing them extreme motional anguish and related physical sufferings and a significant loss of income for the family composed of all plaintiffs, all of which entitle them to compensatory damages pursuant to the law of Puerto Rico.

4.14. The actions described herein were wanton and malicious, taken in a manner which abused the authority vested in all of the defendants as officers and/or employees or agents of the Puerto Rico Police Department, entitling the decedent and consequently his heirs, to an award of punitive and exemplary damages.

## V. FIRST CAUSE OF ACTION

5.1. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint.

5.2. The actions and omissions described herein constitute an illegal seizure of a person, an excessive use of force, a violation of due process, a summary execution without process, a failure to provide medical care to persons injured while being apprehended by law enforcement authorities, and/or cruel and unusual punishment, in violation of the United States Constitution and actionable pursuant to 42 USC §1983.

5.3. The defendants respond jointly and severally to the plaintiffs for these violations, entitling plaintiffs to an award of compensatory damages, costs, interests and attorney fees.

5.4  Given the wanton and malicious actions and omissions as described herein, the plaintiffs are entitled to an award of punitive or exemplary damages.

## VI. SECOND CAUSE OF ACTION

6.1. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint.

6.2. The actions and omissions described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which the defendants respond to the plaintiffs in compensatory damages, pursuant to Article 1802 of the Civil Code of Puerto Rico. This Court has supplemental jurisdiction to hear and adjudicate these

claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

**WHEREFORE,** the Plaintiffs request the following relief, jointly and severally, against all defendants:

1. That this court determine that the actions by all defendants were in violation of the Constitution and laws of the United States and of Puerto Rico;

2. That the court award plaintiffs compensatory damages and punitive damages in excess of $10,000,000.00, which request for compensation is made up of the following amounts:

   a. $3,000,000.00 in compensatory damages for the harm done to Miguel Cáceres-Cruz in violation of his constitutional rights, which damages are asserted on behalf of his rightful heirs, the plaintiffs herein;

   b. $4,000,000.00 in compensatory damages for the harm done to the plaintiffs due to the actions taken against their father and husband, including loss of expected income which plaintiffs would have received had Miguel Cáceres-Cruz survived, other economic loss associated with the death of their father and husband, and compensation for physical and emotional sufferings,

   c. Punitive damages in excess of $3,000,000.00 due to the malicious and wanton nature of the violations alleged herein.

3. That plaintiffs be provided with the costs of this action, as well as statutory

attorneys' fees and litigation expenses;

4. That the court provide for payment of all applicable interests, including prejudgment interest if indicated;

5. That plaintiffs be granted such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**A jury trial is hereby demanded.**

In San Juan Puerto Rico, this 28th day of April, 2008.

**Respectfully Submitted**

Berkan/Mendez
Calle O'Neill G-11
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814
Fax.: (787)250-0986
bermen@prtc.net

By:   /s/ Judith Berkan          /s/ Mary Jo Méndez
      Judith Berkan              Mary Jo Méndez
      US DC No. 200803           US DC No. 209407
      berkanj@microjuris.com     mendezmaryjo@microjuris.com

10