## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Evelyn Ramírez-Lluveras, et al., | CIVIL NO. 08-1486 (RLA) |
| Plaintiffs, | |
| vs. | TRIAL BY JURY REQUESTED |
| Javier Pagán-Cruz, et al., | |
| Defendants. | |

### MOTION TO DISMISS/LACK OF JURISDICTION
### SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS AND TO REQUEST DISMISSAL OF THE COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Fulano, Sutano and Mengano, all of which are fictitious names representing employees, contractors or agents of the Puerto Rico Police Department, whose identities are unknown at this time, <u>without submitting to this Honorable Court's jurisdiction</u>, through the undersigned attorney for the sole purposes of this motion <u>as a special appearance</u>, and very respectfully aver and prays as follow:

> "*[...][if] service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the action[...].*"
>
> Fed R. Civ. P. 4(m).

### I.   INTRODUCTION

1. On April 28, 2008, Plaintiff filed the instant action before this Honorable Court. Docket No. 1.

Case 3:08-cv-01486-FAB   Document 31   Filed 10/28/08   Page 2 of 6

2

**MOTION TO DISMISS/LACK OF JURISDICTION**
**SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS**
**AND TO REQUEST DISMISSAL OF THE COMPLAINT**
RAMÍREZ-LLUVERAS, ET AL. V. PAGÁN-CRUZ, ET AL.
CIVIL NO. 08-1486 (RLA)

---

2. As the record reflects, three (3) individuals of unknown names have not been neither identified nor served with summonses as to this date. <u>The record is absent</u> of any entry that reflects that in fact such summonses were "returned and executed" upon these defendants as required by Fed. R. Civ. P. 4.

3. As a matter of fact, the only summons that have been issued in this case were on behalf of JAVIER PAGÁN-CRUZ, EDWIN RIVERA-MERCED, ZULMA DÍAZ, MIGUEL VÁZQUEZ-SAN-ANTONIO. Docket Nos. 3, 4, 7, and 8.

4. As to this date, more than six (6) months after the <u>Complaint</u> was filed, the Plaintiffs have failed to amend the complaint and serve summons on behalf of the aforementioned fictitiously named individuals. Thus, said unnamed defendants move to dismiss the instant case pursuant to Fed. R. Civ. P. 4 (m). Let us see.

## II.   DISCUSSION

**A.   Service of summons, in general.**

5. Fed. R. Civ. P. 4(e) provides:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United states:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's

Case 3:08-cv-01486-FAB   Document 31   Filed 10/28/08   Page 3 of 6

MOTION TO DISMISS/LACK OF JURISDICTION
SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS
AND TO REQUEST DISMISSAL OF THE COMPLAINT
RAMÍREZ-LLUVERAS, ET AL. V. PAGÁN-CRUZ, ET AL.
CIVIL NO. 08-1486 (RLA)

3

dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e).

**B.     Dismissal of action as provided by Fed. R. Civ. P. 4(m).**

6.     Rule 12(b) of the Federal Rules of Civil Procedure allows a defendant, in response to an initial pleading, to file a motion to dismiss the complaint for insufficiency of process and insufficiency of service of process. See Fed. R. Civ. P. 12(b)(4)-(5). "A party filing a motion under Rule 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed. Therefore, the Court refers to the rules governing service of process." Boateng v. Inter-American Univ. of P.R., 188 F.R.D. 26, at 27 (D.P.R. 1999) (analysis under Fed. R. Civ. Proc. 4(e)); see also Williams v. Jones, 11 F.3d 247, at 251 (1st Cir. 1993); Estates of Ungar ex rel. Strachman v. Palestinian Auth., 153 F. Supp. 2d 76, at 95 (D.R.I. 2001).

7.     Rule 4(m) clearly establishes that "[if] service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the action..." Fed R. Civ. P. 4(m).  "...Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service. When service of the Complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is ... appropriate." Austin v. Spaulding, 2001 WL 345605, at * 2 (D.R.I. 2001) (Not Reported in F.Supp.2d).

Case 3:08-cv-01486-FAB   Document 31   Filed 10/28/08   Page 4 of 6

MOTION TO DISMISS/LACK OF JURISDICTION 4
SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS
AND TO REQUEST DISMISSAL OF THE COMPLAINT
RAMÍREZ-LLUVERAS, ET AL. V. PAGÁN-CRUZ, ET AL.
CIVIL NO. 08-1486 (RLA)

8. **"Congress intended Rule 4[(m)] to force parties to be diligent in prosecuting lawsuits."** In re Dufour, 153 B.R. 853, at 855, (Bankr. D. Minn. May 04, 1993) (*citing* Wei v. Hawaii, 763 F. 2d 370, at 372 (9th Cir. 1985)). **"The lesson to the federal plaintiff lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb."** Id., at 856 (*citations omitted*)(*emphasis added*).

9. "Furthermore, failure to serve summons is more than a mere technical error. The summons is the means by which the court asserts jurisdiction over the defendant." Id., at 857, (*citations omitted*).

**C.    The procedural background illustrates Plaintiffs' failure to serve the summons properly to 3 DEFENDANTS OF UNKONWN NAME, IDENTIFIED AS FULANO, SUTANO AND MENGANO, which justifies the dismissal of the case.**

10. The Plaintiffs have not only failed to serve a copy of the summons and the Complaint personally to the three (3) above referenced defendants of unknown name, but also failed to do so within the time frame-afforded by the Fed. R. Cv. P. 4(m). A study of the procedural background and the docket of the case show this fact. Plaintiffs also have failed to timely request an extension of time, citing good cause for their failure to comply with the 120 day time limit.

11. Plaintiffs only mentioned said defendants, using the names Fulano, Sutano and Mengano in the Complaint on April 28, 2008. Docket No. 1. They have had, since then, ample opportunity to diligently discover the identities of these defendants and

Case 3:08-cv-01486-FAB   Document 31   Filed 10/28/08   Page 5 of 6

**MOTION TO DISMISS/LACK OF JURISDICTION**
**SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS**
**AND TO REQUEST DISMISSAL OF THE COMPLAINT**
RAMÍREZ-LLUVERAS, ET AL. V. PAGÁN-CRUZ, ET AL.
CIVIL NO. 08-1486 (RLA)

5

amend the complaint to those effects. Thus, Plaintiffs have had, to this date, ample time and opportunity to acquire knowledge of the identities of the other defendants, amend the complaint and properly serve them with summons, or to request additional documents, if necessary. However, Plaintiffs simply have not even tried to serve said individuals during all the time that they had to do so. *See* Fed. R. Cv. P. 4(m). *See also,* Sáez-Rivera, 788 F.2d at 821.

12.   Therefore, dismissal should be entered, because "[…][W]hen service of the Complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is … appropriate." Austin, 2001 WL 345605, at * 2.

### III.   CONCLUSION AND PRAYER

**WHEREFORE**, DEFENDANTS FULANO, SUTANO AND MENGANO request this Honorable Court to **DISMISS** the instant case in favor of them, *in stricto jure* and in compliance with Fed. R. Civ. P. 4(m).

**IT IS HEREBY CERTIFIED** that on October 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 28th day of October 2008.

Case 3:08-cv-01486-FAB   Document 31   Filed 10/28/08   Page 6 of 6

**MOTION TO DISMISS/LACK OF JURISDICTION**
**SPECIAL APPEARANCE ON BEHALF OF INDIVIDUALS**
**AND TO REQUEST DISMISSAL OF THE COMPLAINT**
RAMÍREZ-LLUVERAS, ET AL. V. PAGÁN-CRUZ, ET AL.
CIVIL NO. 08-1486 (RLA)

6

**ROBERTO SÁNCHEZ-RAMOS**
Secretary of Justice

**VIVIAN GONZÁLEZ-MÉNDEZ**
Deputy Secretary of Justice
In charge of Litigation

**S/José Enrico Valenzuela-Alvarado**
**JOSÉ ENRICO VALENZUELA-ALVARADO**
USDC PR No. 220104
Director of Legal Affairs
General Litigation Office - Unit VII

**S/Alex José Vázquez-Saldaña**
**ALEX JOSÉ VÁZQUEZ-SALDAÑA**
U.S.D.C. NO. 225614
Office of General Litigation
Department of Justice
P.O. Box 9020192
San Juan, P.R., 00902-0192.
Tel. (787) 721-2900
Fax (787) 723-9188
avazquez@justicia.gobierno.pr
ajvazque@gmail.com