IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Evelyn Ramírez Lluveras et al<br><br>    Plaintiffs<br><br>v.<br><br>Javier Pagán Cruzm et al<br><br>    Defendants | Civ. Number 08-1486 RLA<br><br>JURY TRIAL DEMANDED |

**MOTION TO COMPEL AND FOR RELATED RELIEF**

**TO THE HONORABLE COURT:**

**NOW COME THE PLAINTIFFS**, through the undersigned attorneys, and respectfully move this court for any Order directed at the Puerto Rico Police Department (PRPD) compelling the PRPD to produce the documents listed below.  This order is necessary due to the failure of the PRPD to respond to a duly executed subpoena requiring the production of the documents, which are critical to the plaintiffs' cause of action and which are necessary for plaintiffs to obtain prior to amending their complaint to include the heretofore unidentified "John Doe" defendants.

In addition to the Order to compel, the plaintiffs respectfully request that this court Order the PRPD to pay for costs and attorneys fees in relation to this issue, and that the court duly inform the PRPD that any further failure to comply with its discovery obligations will result in further sanctions, including contempt of court.

In support of these requests, plaintiffs respectfully state as follows:

1. This action, for wrongful death and assault and battery and related constitutional

violations, was filed on behalf of the widow and children of Miguel Cáceres-Cruz, who was shot to death by police officer defendant Javier Pagán in Humacao on August 11, 2007, in a widely publicized incident.

2. Plaintiffs sued agent Pagán, as well as his two companions that day, police officers Zulma Díaz and Carlos Sustache. They also named as defendants the then Humacao Area Commander, Edwin Rivera Merced, and the head of the Tactical Operations Unit of Humacao, who they believed to be Miguel Vázquez-San Antonio,[1] alleging that these supervisors were deliberately indifferent to their constitutional rights and the rights of their decedent, and caused the damages alleged, due to their failure to adequately supervise, evaluate, discipline, assign and/or monitor the officers on the scene.

3. Plaintiffs also brought this action against other persons, employees and/or agents of the Puerto Rico Police Department (PRPD), whose actions and omissions were taken in deliberate indifference to the rights of their decedent and proximately caused their injuries. Since the identity of such persons was unknown to the plaintiffs, they were included with fictitious names.

4. As plaintiffs previously explained to the court in their Opposition to Motion to Dismiss of October 29, 2008, *Docket #32,* after an initial meeting among counsel, the plaintiffs cited document productions, most of which were designed to secure the

---

[1] Subsequently, the attorneys for this defendant presented evidence to the undersigned that he did not have that position at the time of the events. Part of the discovery which is the subject of this motion to compel was designed to clarify the supervisory structure with respect to the officers on the scene and to determine whether or not plaintiffs should dismiss the action against this defendant. *See, generally, Opposition to Motion to Compel, Docket 32, ¶¶13-14.*

information necessary for them to identify the previously unknown defendants and to properly and responsibly amend the complaint. *See, Docket #32, ¶17 and Exhibit G thereto.*

5. The plaintiffs served upon the PRPD two subpoenas, issued by the undersigned on the Form #A088, as required, which are appended hereto as Exhibits A and B.

6. The <u>Humacao Area of the Police Department</u> received a subpoena requiring it to produce the following documents:

> 1. All personnel files related to defendant Javier Pagán Cruz;
>
> 2. All evaluations of defendant Javier Pagán Cruz;
>
> 3. All documents reflecting complaints filed against defendant Javier Pagán Cruz, including but not limited to complaints, memoranda or correspondence concerning complaints, and referrals to SAIAD or SIP;
>
> 4. All documents reflecting investigations regarding complaints filed against defendant Javier Pagán Cruz; including but not limited to complaints, memoranda or correspondence concerning complaints, referrals to SAIAD or SIP, any memoranda or other documents relating to reintegration into service after disciplinary actions.
>
> 5. All personnel files related to defendant Carlos Sustache Sustache;
>
> 6. All evaluations of defendant Carlos Sustache Sustache;
>
> 7. All documents reflecting complaints filed against defendant Carlos Sustache Sustache, including but not limited to complaints, memoranda or correspondence concerning complaints, and referrals to SAIAD or SIP;
>
> 8. All documents reflecting investigations regarding complaints filed against defendant Carlos Sustache Sustache; including but not limited to complaints, memoranda or correspondence concerning complaints, referrals to SAIAD or SIP, any memoranda or other documents relating to reintegration into service after disciplinary actions.
>
> 9. All personnel files related to defendant Zulma Díaz De León;
>
> 10. All evaluations of defendant Zulma Díaz De León;
>
> 11. All documents reflecting complaints filed against defendant Zulma Díaz De León, including but not limited to complaints, memoranda or correspondence concerning complaints, and referrals to SAIAD or SIP;
> **[cont..]**

> 12. All documents reflecting investigations regarding complaints filed against defendant Zulma Díaz De León; including but not limited to complaints, memoranda or correspondence concerning complaints, referrals to SAIAD or SIP, any memoranda or other documents relating to reintegration into service after disciplinary actions.
>
> 13. All documents regarding transfers of the above three agents and/or the reasons therefor.
>
> 14. All documents regarding disciplinary actions taken against the above three agents and/or the reasons therefor.
>
> 15. All documents reflecting training provided to police officers assigned to the Humacao Tactical Operations Division (DOT) or the Humacao Impact Unit or the Humacao Special Operations Unit from 2000 to 2007, including but not limited to documents relating to "academias" and training agendas, training materials, attendance lists, memoranda and correspondence.
>
> 16. All documents reflecting referrals of agents assigned to the Humacao area to training and/or re-training and/or repetitive conduct re-training at the Police Academy, covering the years 2000 to 2007.
>
> 17. Any and all reports, memoranda, incident reports, arrest reports or any other document related to the events of August 11, 2007 resulting in the death of Miguel Cáceres Cruz. This includes the "voluminous report" mentioned in the newspaper report appended hereto.
>
> 18. Any and all records concerning the assignment of personnel during the week ending on August 11, 2007, regarding any unit to which Javier Pagán Cruz, Carlos Sustache Sustache and/or Zulma Díaz were assigned, including service lists, lists of "entries and exits," records of assignments of motor vehicles, work plans, and operation plans for the period encompassing that date, all radio logs and telephone logs respecting the work on that date.
>
> 19. Any and all reports or other documents which would reflect the use of firearms by Javier Pagán Cruz on that date.
>
> 20. Any and all reports or other documents concerning confiscation of weapons in connection with the events of that date.
>
> 21. Any and all photographs or videotapes taken at in connection with the incident which gave rise to the complaint in this case, i.e. the killing of Miguel Cáceres Cruz on August 11, 2007.
>
> 22. Copies of all incident reports, reports of a death, reports of incidents involving a member of the police relating to the death of Miguel Cáceres Cruz on August 11, 2007, including any reports prepared or signed by any police officer on the scene, or by Lieutenant Víctor Cruz Sánchez, or by agent José Rivera Rodríguez or by Lieutenant Luis M. Rodríguez, or by Col. Edwin Rivera Merced.
>
> 23. Copies of all radio logs (and radio calls) relative to the incident of August 11, 2007.

7. The subpoena delivered to the Police Department Headquarters in Hato Rey required the

4

production of the following documents:

> 1. Any and all policy statements, documents, memoranda, circulars, general orders, special orders, or any other document which set forth policies and/or procedures, respecting the following:
>        a. Evaluation of police officers;
>        b. Use of firearms;
>        c. Arrest methods
>        d. Traffic stops
>        e. Administrative Investigations
>        f. Any updating or amending of General Orders 87-14 and 90-5.
>
> 2. With respect to each of the following defendants: Javier Pagán Cruz, Zulma Díaz De León and Carlos Sustache Sustache, the following documents:
>
> a) Initial recruitment file;
>
> b) Complete personnel file;
>
> c) All evaluations;
>
> c) The entire complaint files (whether at SAIAD or SIP, the Area Command, or the work unit), reflecting administrative complaints filed against each officer during his/her career with the police force, including but not limited to files of previous complaints, "tarjetas", and "historiales";
>
> d) Their records from the Office of Security and Protection;
>
> e) Their records from the Human Resources Division and the Medical Office;
>
> f) Their records at the Police Academy (Colegio Universitario de Justicia Criminal)
>
> g) Their records from Fondo del Seguro del Estado.
>
> 3. Any and all documents identifying the documents delivered to the Justice Department (including the Special Investigations Burea - NIE) in connection with the events leading to the death of Miguel Cáceres Cruz on August 11, 2007, or any transmittal letter regarding the transmittal of such documents to the NIE, or any log reflecting said information.
>
> 4. Copies of all incident reports, reports of a death, reports of incidents involving a member of the police relating to the death of Miguel Cáceres Cruz on August 11, 2007, including any reports prepared or signed by any police officer on the scene, or by Lieutenant Víctor Cruz Sánchez, or by agent José Rivera Rodríguez or by Lieutenant Luis M. Rodríguez, or by Col. Edwin Rivera Merced.
>
> 5. Copies of all notes related to the incident which resulted in the death of Miguel Cáceres Cruz on August 11, 2007, including those by José Rivera Rodríguez.
> **[cont....]**

> 6. Copies of all "croquis" prepared with respect to that incident, including any prepared by José Rivera Rodríguez.
>
> 7. Copies of all sworn statements and/or interview statements related to the incident of August 11, 2007, including those taken from Ferdinant Rosa Ortiz, Lieut. Luis M. Rodríguez González, Francisco Toyens Quiñonez, Janette Vázquez Rosado, Cristino Cruz Sáez, Jesús Manuel García, José Juan Cruz Porepart, Ferdinand Rosa Ortiz, Fermín Torres López, Anibal Mojica Cruz, and Inspector Raúl Díaz Díaz
>
> 8. Copy of the memorandum of August 28, 2007 regarding recreation of the scene related to the incident of August 11, 2007, including accompanying "croqui" and photographs.
>
> 9. Copies of any photos or any videos taken of the scene related to the incident of August 11, 2007.

8. The subpoenas for document productions were duly served on the Police Headquarters in Hato Rey on October 28th, 2008 and on the Humacao Area Command on November 3, 2008. *See, Exhibits A and B.*

9. The PRPD was required to produce the aforementioned documents at the office of the undersigned on <u>Wednesday, November 12, 2008</u>, at 10:30 AM. *Id.*

10. On Friday, November 7, 2008, several days *before* the required production, the Personnel Office of the Police Department arrived at the office of the undersigned with documents identified as the *personnel files* of the three mentioned officers. This production, of course, did not include any personnel (or other) records which would be at the Humacao area. Nor did the production include any dministrative complaints or other records related to these officers, or any of the records specifically relating to the event of August 11th, or in fact, any of the General Orders, Special Orders or circulars relevant to this case, as required by the subpoenas.

11. That same day, Friday, November 7th, the undersigned informed all opposing counsel who have appeared in this case that the personnel department of the PRPD had produced the personnel records. She also reminded all counsel of the fact that the document production for the remaining documents would be take place the following week, on Wednesday, November 12th, 2008. *See, Exhibit C, Berkan e-mail of Nov. 7th.*

12. On Wednesday, November 12th, 2008, the undersigned was at her office, awaiting the productions required by the subpoenas. The PRPD, however, *simply failed to show up*. No one called the office of the undersigned; no one offered any explanation; no one asked for more time. Nor was any Motion filed by the court on behalf of the PRPD by its legal division.[2]

13. The undersigned attorney, who has decades of experience in police misconduct litigation in this district, regretfully notes that this lack of response to a duly served subpoena is commonplace when one is dealing with the Puerto Rico Police Department (except for the personnel office at Headquarters, which consistently has responded to discovery requests.) As a general rule, unless the PRPD is ORDERED by the court to produce records, its attorneys and many of its employees are apparently under the impression that it has no OBLIGATION to do so, despite the dictates of Rule 33 and Rule 45 of the Federal Rules of Civil Procedure. The undersigned has had several conversations over the years with the PRPD Legal Division, with attorneys from that office insisting that the subpoenas issued to the department are invalid because they do not have a "seal" of

---

[2] Nor did any defense counsel appear for the production.

the court or because they do not bear the signature of a federal judge. Accordingly, plaintiffs submit that further attempts to "confer in good faith" with the PRPD, as contemplated in Rule 37(a)(1) would be futile.

14. As noted above, the information requested in these productions is critical to this case, not only in order to acquire documentation regarding the shooting of Miguel Cáceres, but also to ascertain information concerning the disciplinary records of the officers involved and the role of their named and as yet unnamed supervisors in causing the constitutional violations alleged herein. *See, eg.* <u>Gutierrez-Rodriguez v. Cartagena</u>, *882 F.2d 553 (1st Cir., 1989).*

15. Plaintiffs have incurred in expenses totaling $95.00 related to the service of the aforementioned subpoenas to the PRPD, in addition to the approximately two hours of attorney time involved in reviewing the file and drafting this motion. *See, Exhibit D, Bills for service of subpoenas.* Should this court grant this motion, undersigned counsel will have to incur in additional expenses associated with serving the Order on the PRPD. It is respectfully submitted that the PRPD should be required to pay for the fees mentioned above, due to its complete failure to comply with its discovery obligations.

WHEREFORE, the plaintiffs, through undersigned counsel, respectfully move for an Order COMPELLING the PRPD — both Headquarters and the Humacao Area Command — to produce the records identified in the subpoenas appended hereto.

I hereby certify that I am filing this motion through the ECF filing system, which will automatically notify all counsel of record. I also certify that on this date, I am faxing a copy of this motion to the PRPD Legal Department, at fax number 787-781-7993.

In San Juan Puerto Rico, this 13th day of November, 2008.

**Respectfully Submitted**

/s/ Judith Berkan
Judith Berkan
Berkan/Mendez
Calle O'Neill G-11
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814
Fax.: (787)250-0986
bermen@prtc.net
US DC No. 200803
berkanj@microjuris.com