IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Evelyn Ramírez Lluveras et al<br><br>    Plaintiffs<br><br>v.<br><br>Javier Pagán Cruzm et al<br><br>    Defendants | Civ. Number 08-1486 RLA<br><br>JURY TRIAL DEMANDED |

**MOTION TO COMPEL RULE 26 DISCLOSURES**

**TO THE HONORABLE COURT:**

  **NOW COME THE PLAINTIFFS**, through the undersigned attorneys, and respectfully move this court for any directed at defendants Carlos Sustache, represented by attorney Pablo Landrón, and defendants Miguel Vázquez San Antonio and Edwin Rivera-Merced, represented by the Puerto Rico Justice Department, to comply with their obligation to provide Rule 26 disclosures. In support of this motion, the plaintiffs respectfully state as follows:

  1. This action, for wrongful death and assault and battery and related constitutional violations, was filed on behalf of the widow and children of Miguel Cáceres-Cruz, who was shot to death by police officer defendant Javier Pagán in Humacao on August 11, 2007, in a widely publicized incident.

  2. The initial months of litigation were taken up with service of defendants, with motions for extensions of time to answer, and with the eventual filing of answers (followed by motions for default and a motion to lift the default previously entered against defendant

Rivera-Merced).

3. Once attorneys had appeared on behalf of the defendants, and several had answered the complaint, the undersigned attorney for plaitniffs wrote to the attorneys for all appearing defendants on October 6th, offering five alternative dates in October to hold the required Rule 26 meeting among counsel. *See, Docket No. 31 (Plaintiffs' Opposition to Motion to Dismiss) and Exhibit A thereto, letter of October 6th*.

4. In response to that letter, plaintiffs' counsel heard only from attorney Corona, counsel for defendant Sustache, who indicated his availability on one or more of the dates, and from attorney Landrau, counsel for defendant Díaz, who indicated that he could *not* meet on any of the proposed dates. The attorneys from the Justice Department did not respond to the October 6th request for a Rule 26 conference.

5. The court, however, acted the following day, setting an Initial Scheduling Conference for November 13th, and requiring the parties to file a Joint ISC Memorandum by November 3rd. *See, Docket No. 27.* The joint memorandum would include *inter alia* the names of all persons with knowledge and the documents supporting the claims of the respective parties, i.e. the information required in the initial Rule 26 disclosures. *Id.*

6. Immediately upon receiving this court's order regarding the ISC, the undersigned wrote to all counsel — including those from the Justice Department — noting that in addition to the general Rule 26 obligation, all counsel now had an additional obligation to meet in order to comply with the ISC order. *See, Exhibit C to Docket 32, Berkan memo to counsel, dated October 7, 2008.*

7. A meeting was then scheduled for *October 22nd*, one of the original dates suggested by the undersigned in the context of the Rule 26 meeting. Plaintiffs' attorneys were present, as were counsel for defendant Sustache and the two Justice Department attorneys who stated that they represented Miguel Vázquez San Antonio and Edwin Rivera-Merced (as to whom default had been entered). Counsel for defendant Díaz participated by telephone.

8. During the October 22nd meeting, the undersigned *pointed out to the attorneys from the Justice Department* that *default had been entered as to* their client, Edwin Rivera-Merced, a fact that was apparent on the record, but as to which they expressed ignorance.

9. Also during that meeting on October 22nd, the parties agreed that they would exchange their sections of the mandated Joint Memo (including the identification of persons with knowledge and of documents) in time for plaintiffs' counsel to integrate the document and submit to the court by the November 3rd deadline.

10. Immediately after the conclusion of the October 22nd meeting between counsel, the undersigned sent to all parties an e-mail including the *format* of the ISC which was to be submitted, as well as the *completed* Section 8 of the report, which was to set forth the agreements of the parties with respect to a discovery plan. *See, Berkan email of October 22nd, Exhibit D to Docket No. 32.*

11. On October 23rd, the day following the conference among counsel, the Justice Department attorneys — having been advised by *the undersigned* that their client Rivera-Merced was in default — moved to set aside the default, which request was granted by

the court a few days later. *See, Docket Nos. 28 and 29.*

12. On October 27, 2008, the undersigned *again* wrote to defense counsel — including the attorneys from the Justice Department — providing them with the fully completed ISC memorandum, covering all of plaintiffs' portions and all of the portions corresponding to defendant Sustache, i.e. providing the required Rule 26 disclosures. *See, Exhibit F to Docket No. 32, Berkan e-mail of October 27th*. The undersigned again requested the remaining parties — including those represented by the Justice Department — to comply with their obligations to complete their portions of the Joint ISC Memorandum, stating "[w]e have to submit this next week, so I would appreciate it if the other parties submit their parts as soon as possible, in order to give me time to integrate all parts by the deadline of Monday, November 3rd." *Id.*

13. On October 28th, this court *motu propio* continued the Initial Scheduling Conference *sine die* precisely because default had now been lifted against Edwin Rivera-Merced, and he was not yet required to answer the complaint. The court also vacated the deadline for the Joint ISC Memorandum. *See, Docket No. 30.*

14. Upon receiving this order of the court, the undersigned *immediately* wrote to all counsel regarding their *ongoing Rule 26 obligations*, and stating as follows:

> "Compañeros — Although Judge Acosta has just set aside the scheduling confernece and vacated the date for the Joint Initial Scheduling Memorandum until defendant Edwin Rivera Merced answers the complaint, this *does not eliminate our Rule 26 obligations.* (Please take not of my earlier correspondence requesting the Rule 26 conference.) Both attorney Corona [defendant Sustache's counsel] and I have *already complied* with the

requirements of the rule by sending you our initial disclosures (within our sections of the ISC, which I have forwarded to all counsel.) Please indicate by return e-mail the precise dates when we can expect to receive your disclosures." *See, Exhibit A hereto, Berkan email of October 28, 2008.*

15. On November 10, 2008, the undersigned again wrote to attorneys Vázquez and Vázquez (from the Justice Department, representing defendants Vázquez-San Antonio and Rivera-Merced) and attorney Landrón, representing defendant Díaz, exhorting them to comply with Rule 26, and stating *inter alia*, "Once again, I am asking you to provide us with your Rule 26 disclosures. (Please see earlier correspondence in late October.) We need this in order to continue discovery in this case." *See, Exhibit B hereto, Berkan e-mail of November 10th.*

16. To date, the undersigned has heard *nothing* from the Department of Justice attorneys or attorney Landrón with respect to the required Rule 26 disclosures. Nor have these attorneys for defendants Vázquez, Vázquez and Díaz supplied the other parties with their parts of the Initial Scheduling Memorandum which eventually must be completed and submitted to the court.

17. Although the parties in their October 22nd meeting addressed all issues to be discussed in a Rule 26 conferral meeting, they did not set precise dates for the Rule 26 disclosures, for the *obvious* reason that they were going to *make those disclosures* in advance of November 3rd, the then deadline for filing the Joint Memorandum requiring that information. The plaintiffs, and defendant Sustache, have *already* made their disclosures, but they have received *nothing* from the other defendants.

5

18. A party who fails to participate in a Rule 26 plan or make the required disclosures can be subject to an Order compelling them to do so, and, after they have been given an opportunity to be heard, an order requiring them to pay reasonable expenses, including attorney's fees, caused by the failure. *See, Rule 26 and Rule 37(f)*. Even a *newly added defendant* (unlike defendant Rivera-Merced, who was served in *August*, but only recently had default lifted) has to make required disclosure within thirty days after joinder. *Rule 26(a)(1)(D)*.

19. It is respectfully submitted that this court should Order the parties who have not yet done so to provide their Rule 26 disclosures *immediately*. It is also respectfully submitted that those parties — defendants Vázquez San Antonio, Rivera-Merced and Díaz, should be required to SHOW CAUSE why they should not be required to pay the plaintiffs' attorneys fees for the time spent on preparing this motion.

WHEREFORE, the plaintiffs, through undersigned counsel, respectfully move for an Order COMPELLING defendants Díaz, Vazquez and Rivera-Merced to provide their Rule 26 disclosures, and requiring them to show cause why they should not be required to pay attorneys fees in connection with their failure to comply with their Rule 26 obligations.

I hereby certify that I am filing this motion through the ECF filing system, which will automatically notify all counsel of record. I also certify that on this date, I am faxing a copy of this motion to the PRPD Legal Department, at fax number 787-781-7993.

In San Juan Puerto Rico, this 13th day of November, 2008.

**Respectfully Submitted**

/s/ Judith Berkan
Judith Berkan
Berkan/Mendez
Calle O'Neill G-11
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814
Fax.: (787)250-0986
bermen@prtc.net
US DC No. 200803
berkanj@microjuris.com