UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN RAMIREZ-LLUVERAS, *et al.*,

    **Plaintiffs**,

        **v.**

JAVIER PAGAN-CRUZ, *et al.*,

    **Defendants**.

CIVIL NO. 08-1486 (FAB)

### MEMORANDUM AND ORDER

BESOSA, District Judge.

On January 12, 2012, plaintiffs filed a motion for reconsideration of the Court's ruling denying its Rule 54(b) request. (Docket No. 344.) Defendants promptly filed an opposition to plaintiff's motion on the following day. (Docket No. 345.) For the reasons set forth, the Court **DENIES** plaintiffs' motion.

Plaintiffs state that defendant Javier Pagan ("Pagan") "was found guilty at trial of the charge of murder", "is in default in the instant case", and allege that he is collaterally estopped from making any argument regarding "his use of excessive force and unjustified use of deadly force." (Docket No. 344 at 1.) It is plaintiffs' position that there is "absolutely no controversy" that Pagan committed an underlying constitutional violation, and that, therefore, the claims of supervisory liability may be considered final and appealable, and that there is no just reason to delay their appeal. Id. Plaintiffs raise this argument for the first

Civil No. 08-1486 (FAB)                                              2

time in their motion for reconsideration, and do not deny that this argument was never raised in their substantive motion for summary judgment or in their initial motion for Rule 54(b) relief. Moreover, plaintiffs' two-page motion for reconsideration is void of any citation to persuasive or controlling case law, nor do plaintiffs submit the state court judgment finding defendant Pagan guilty of murder.  As the First Circuit Court of Appeals recently stated, "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." <u>Rodriguez v. Municipality of San Juan</u>, 659 F.3d 168, 175 (1st Cir. 2011).

   Defendants raise a number of procedural arguments regarding the deficiencies in plaintiffs' motion.  (Docket No. 345.)  First, defendants correctly point out that plaintiffs' failure to raise the relevant claims in a timely manner results in a waiver of those objections.  <u>See</u> <u>DiMarco-Zappa v. Cabanillas</u>, 238 F.3d 25, 33 (1st Cir. 2001).  Plaintiffs are not allowed "to introduce new evidence or advance arguments that could and should have been presented to the district court" prior to this Court's initial order regarding plaintiff's motion for relief under Rule 54.  <u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997).  Plaintiffs do not attempt to explain why this general principle should be set aside; the Court finds that the arguments raised in plaintiffs' motion for

Civil No. 08-1486 (FAB)                                                3

reconsideration should have been raised in their initial motion and are therefore deemed waived.

Second, defendants allege, and this Court agrees, that plaintiffs' motion for reconsideration contains no factual or legal development explaining why this conviction against one of the field officers compels a finding of collateral estoppel and thus warrants granting plaintiffs' motion for Rule 54 relief.  This Court will not engage in the task of developing a factual record and fleshing out legal argumentation - that is the responsibility of the party requesting relief.  The First Circuit Court of Appeals has steadfastly held that where issues have been "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [they] are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Third, even considering plaintiffs' substantive arguments regarding issue preclusion, the Court finds that plaintiffs have not met the threshold showing necessary to assert a res judicata or collateral estoppel defense.  Puerto Rico law governs the preclusive effect of a judgment entered by a Puerto Rico court. See Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 69 (1st Cir. 2008).  Under Puerto Rico law, a party asserting a res judicata (or collateral estoppel) defense must establish three elements:  "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing

Civil No. 08-1486 (FAB)                                                4

or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." Id.; see also Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 29 (1st Cir. 1998).  Not only have plaintiffs failed to acknowledge the existence of these requirements, they have also failed to make the required showing necessary to assert an issue preclusion defense. See Dalmau, 544 F.3d at 70 (finding that the party asserting the res judicata defense failed to make a threshold showing because the party "did not put in the record a certified translation of any aspect of the prior Puerto Rico court proceedings.")

As a final matter, the Court finds that even if plaintiffs had properly asserted their collateral estoppel defense against defendant Pagan, which they have failed to do, they still have not explained how it would affect the interrelatedness of the claims analysis required to grant a Rule 54(b) motion.  As explained in this Court' initial order denying plaintiffs' Rule 54(b) motion, the Court must balance the following factors to determine whether there is a persuasive reason for delaying entry of a final judgment: "(1) the interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review."  (Docket No. 343 at 4.)  This Court held that "[p]laintiffs' claims against the supervisory defendants

Civil No. 08-1486 (FAB)                                                5

are closely intertwined with their claims against the field officers." Id. at 6.

Plaintiffs currently have pending claims against all three field officer defendants.  Thus, even if plaintiffs had proven that defendant Pagan had committed an underlying constitutional violation, the claims against the other two field officers remain to be decided.  In the event that those officers are not found guilty of an underlying constitutional violation, plaintiffs may choose to appeal, thus resulting in an unnecessary piecemeal review of the individual field officer defendants' liability.  Because there still exists (a) significant factual overlap between the field officers' liability and the supervisory defendants' liability, and (b) pending claims against the other field officers' liability before this Court, entering final judgment with respect to defendant Pagan would result in the inefficient and scattered disposition of litigation in this case.  For the reasons explained, plaintiffs' motion for reconsideration on the Court's Rule 54(b) ruling is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 20, 2012.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE