IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Evelyn Ramírez Lluveras et al<br><br>    Plaintiffs<br><br>v.<br><br>Javier Pagán Cruz et al<br><br>    Defendants | Civ. Number 08-1486 FAB<br><br>JURY TRIAL DEMANDED |

**MOTION IN LIMINE**

**TO THE HONORABLE COURT:**

**NOW COME THE PLAINTIFFS,** through undersigned counsel, and respectfully present this Motion in Limine, requesting this court to exclude from the trial of this case any and all evidence, references to evidence, testimony or oral argument relating to the following two matters:

1. The fact that defendants Carlos Sustache and Zulma Díaz were found not guilty in their criminal trial in which they were accused as "cooperators;" and

2. Any testimony by the expert announced by Zulma Díaz, Santiago Rullán, or any reference to the Report prepared by him in connection with the incidents of August 11, 2007.

In support of these requests in limine, plaintiffs respectfully state as follows:

**A. <u>The Not Guilty determination</u>**

As a result of their actions during the incident giving rise to this case, both Carlos

Sustache and Zulma Díaz were charged as "cooperators" with respect to the crime for which defendant Javier Pagán has been found guilty of First Degree Murder. After a trial, both of these defendants were found not guilty of that particular crime.

Both of these defendants evidently intend to elicit through testimony the fact that they were found not guilty in regards to the criminal charges brought against them. This has absolutely no relevance to the case at hand and should not be allowed.

First, it should be noted that there is a complete lack of mutuality with respect to the charges faced by these defendants in the Puerto Rico court system and the case at bar. Second, it is important to note that the standards applicable to a criminal case ("beyond reasonable doubt"), as compared to those in the case at bar ("preponderance of the evidence"), clearly demonstrate that there is no preclusive effect attendant to the earlier determination

It is certainly difficult to fashion a theory of relevance with respect to this matter. Under FRE 401, "relevant evidence" is that which has "any tendency to make the existence of any fact that is of consequence to the determination fo the action more probable or less probable than it would be without the evidence." The fact that these two defendants has a felicitous result from their criminal trial means nothing more and nothing less than that the prosecutors in Puerto Rico were unable to convince a jury of their peers that they were guilty beyond a reasonable doubt of the particular charged crime of being a "cooperator." *Art. 44, Penal Code of Puerto Rico.* This particular penal code provision requires that the accused, with knowledge, cooperate in any manner with the commission of a crime. *Id.*

Plainly, this result from a criminal trial, based on different standards and on an different underlying question, does not make the establishment of any of the elements of Section 1983 liability in this case more or less probable.

Nor do the laws surrounding the assertion of claim preclusion or *res judicata* favor the admission of this evidence. While federal law requires the extension of full faith and credit to determinations of "courts of [any] State, Territory or Possession," *28 U.S. C. §1738,* mandating that preclusive effect must be given to such judgments, this simply does not apply to the judgment in the Sustache and Díaz criminal trials.

None of the elements which would support preclusive effect apply. In order for preclusion to occur, the party against whom it is being asserted has had to have had a full opportunity to litigate the issue in the context of the earlier case. <u>Allen v. McCurry</u>, *349 U.S. 90, 94095 (1980).* Although absolute identicality is no longer mandatory, "what is required is that the party against whom the plea of estoppel is asserted ... have been a party or in privity with a party to the prior adjudication." <u>Cardillo v. Zyla</u>, *486 F.2d 473 (1st Cir. 1972).* Plainly, there can be no preclusive effect against plaintiffs, sine they were not parties to the earlier proceedings and were never afforded such the opportunity to litigate any claim with respect thereto.

Moreover, since the earlier proceeding was a criminal matter, the differing standards of proof prevent any preclusive effect. To apply issue preclusion would be to deviate from the "well-established that failure to carry a higher standard of proof on an issue does not preclude a subsequent attempt to satisfy a lower standard as to the same

issue." *Wright, Miller, Cooper, <u>Federal Practice and Procedure</u>, Vol. 18, §4421, page 582. Cf., <u>Helvering v. Mitchell</u>, 303 U.S. 391, 397-398* ("The differences in degree of the burden of proof in criminal cases and civil cases precludes application of the doctrine of res judicata.") Since the standard of proof is *lower* in civil actions, no court has ever had the opportunity to inquire as to whether Mr. Sustache or Ms. Díaz would have been found liable in a *civil* action, even if the underlying cause of action were, in fact, the same, which is *not* the case at bar. *See, Wright, Miller, Cooper, op cit., at page 585.* ("There is no need for the criminal tribunal to determine whether the lesser standard has been satisfied.")

It is thus respectfully submitted that this court should *exclude* any evidence regarding the acquittal of defendants Sustache and Díaz. There is no claim preclusion involved. Nor is the evidence "relevant" pursuant to Rule 401.

Finally, if this court understands that there is *any* theory of relevance, the "not guilty" determination should be barred under Rule 403 of the Federal Rules of Civil Procedure, since any probative value it might conceivably have would be far "outweighed by the danger of unfair prejudice, confusion of the issues, [and] misleading the jury."

### B. <u>The Report of Zulma Díaz's announced expert</u>

Defendant Zulma Díaz has announced her intention to present the testimony and report of her expert, Santiago Rullán, evidently (although not explicitly) as a "forensic scientist." Plaintiffs do not know what his expertise is, what methodology he used, whether

4

he has testified in other cases or whether his work has been published or subjected to rigorous peer review. They do not even know what educational or other qualifications have allowed him to present himself as a "forensic scientist." His Report, moreover, will not assist the trier of fact in understanding or appreciating any fact in issue in this case.

Plaintiffs contend that this evidence must be excluded for the following reasons: (a) Failure to comply with Rule 26 regarding expert disclosures; (b) lack of compliance with Federal Rules of Evidence 701 to 704, and for reasons related to the standards pursuant to *Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny.

This witness was announced as an expert by Zulma Díaz in August of last year, and a report was produced to the plaintiffs at that time. The report, however, fails to comply with the requirements of Rule 26(a)(2)(B) in the following respects:

 a. The Report does not include the witness's qualifications. *Rule 26(a)(2)(B)(iv)*. To this day, plaintiffs do not know what qualifications Mr. Rullán, who identifies himself as a "forensic scientist" has. They do not know his education or certificates or training.

 b. The Report does not list any publications authored by Mr. Rullán in the last ten years. *Rule 26(a)(2)(B)(iv)*.

 c. It does not list all cases in which he has testified as an expert in the previous four years. *Rule 26(a)(2)(B)(v)*; and

 d. It does not specify the compensation to be paid for this case. *Rule 26(a)(2)(B)(vi)*.

In addition to the Rule 26 violations, there are other, substantive reasons to exclude this testimony, pursuant to <u>Daubert</u> and the applicable Rules of Evidence.  Mr. Rullán does not demonstrate that he has any particular expertise, through training or experience or education, with respect to the matters addressed in his Report.  *See,* <u>Bogosian v. Mercedes-Benz of North America</u>*, 104 F.3d 472 (1st. Cir. 1997).*  There is, moreover, no indication of how he applied accepted, reliable methodologies to reach his conclusions. *See, Rule 702 of the Federal Rules of Evidence.*

Even if he did have that expertise, however, and if he had applied some reliable, accepted methodology, the simple truth is that the opinions he expresses do not comply with the requirements under the Rules of Evidence that an expert bring some special knowledge to the table when testifying before the trier of fact.  An expert must provide testimony which is helpful to a jury.  <u>United State4s v. Fosher</u>*, 590 F.2d 381, 383 (1st Cir. 1979).*  On the basis of his or her "scientific, technical or other specialized knowledge," an expert must be able to "assist the trier of fact to understand the evidence or to determine a fact in issue." *FRE 702.*  Although an expert is not precluded from testifying as to the "ultimate issue" in a case, testimony of this nature must be "otherwise admissible." *FRE 702.*  Any opinion on ultimate issues must derive from some special expertise of the witness and must still be helpful to the trier of fact.

Mr. Rullán's Report fails miserably when these criteria are considered. A great deal of the Report is dedicated to a frame-by-frame review of the video of the incident on August 11, 2007, followed by this one man's observations of what he saw.  Page after page

of the report includes such observations about what he saw, with Mr. Rullán pointing out the parts of the video he, for whatever reason, finds significant. In other words, Mr. Rullán views and hears exactly what the jurors will be able to view and hear, and then highlights certain portions of the audio or video itself.

After this review, which offers nothing to help the trier of fact, Mr. Rullán proceeds to reach certain conclusions. Without any indication that he has any special expertise with respect to the matter, he offers an opinion of the distance between Mr. Pagán's gun and Mr. Cácers at the time of the shooting. He also issues a conclusion as to where defendant Zulma Díaz was at that time, and then, also without any particular expertise (or underlying factual predicate), about what she could see from her vantage point.

These initial observations are followed by the most extraordinary conclusion that "what had started as a traffic intervention was affected by the aggressive attitude of Mr. Miguel Cáceres and the intervention of Club members and of neighbors in the area who impeded the Police of Puerto Rico from doing their job." (*Translation provided, since the Report is in the Spanish language.*) There is no indication that Mr. Rullán has brought any special knowledge to this conclusion. Plaintiffs do not know if he has law enforcement experience or is an expert in human behavior, so as to be able to draw this conclusion.

The final conclusion made by this "expert" is that the culmination of the incident (characterized by Mr. Rullán as "un desenlace") could not have been anticipated or prevented. This is not only part of the ultimate issue in this case, it is a wholly unsupported and unscientific observation which has no place at this trial.

WHERFORE, plaintiffs respectfully request that this court GRANT this request in limine, prohibiting any mention, evidence, or oral argument (including opening statement) referencing either the fact that the defendants Díaz and Sustache were found not guilty at trial or the conclusions or observations made by Ms. Díaz's announced expert, Santiago Rullán.

This motion is being filed pursuant to the ECF filing system, which will automatically notify all counsel of record.

In San Juan Puerto Rico, this 20th day of January, 2012.

**Respectfully Submitted**

/s/ Judith Berkan
Judith Berkan
Berkan/Mendez
Calle O'Neill G-11
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814
Fax.: (787)250-0986
bermen@prtc.net
US DC No. 200803
berkanj@microjuris.com