**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Evelyn Ramírez Lluveras et al

    Plaintiffs

v.

Javier Pagán Cruz et al

    Defendants

Civ. Number 08-1486 FAB

JURY TRIAL DEMANDED

# PROPOSED JURY INSTRUCTIONS
# SUBMITTED BY PLAINTIFFS

**Plaintiff's Proposed Jury Instruction Number 1**
**Nature of the Action**

Plaintiffs Evelyn Ramírez, Jenitza Cáceres, Michelle Cáceres and the minor child, MAC., the widow and children of Miguel A. Cáceres, who was killed by Javier Pagán-Cruz on August 11, 2007, claim damages alleged to have been sustained as the result of the deprivation, under color of law, of rights secured to Miguel Cáceres by the Constitutions of the United States and Puerto Rico and by the federal law protecting civil rights, as well as the laws of the Commonwealth of Puerto Rico.

Specifically, plaintiffs allege that the while acting under color of the authority of the Commonwealth of Puerto Rico, as members of the Police Department, these three defendants, through their actions and omissions, illegally attempted to arrest Miguel A. Cáceres, and then participated in a chain of events which caused him grave injury and then death. Plaintiffs allege that by so doing, defendants subjected Miguel Cácers to deprivation of rights and privilege secured and protected by the Constitution and laws of the United States and Puerto Rico, namely the Constitutional right not to be deprived of his life and liberty without due process of law, and to be free from the excessive use of force and the use of deadly force.

Defendants Sustache and Díaz deny that any of their actions violated or caused the violation of the constitutional rights or the referenced statutes. Defendants allege that they were acting in good faith and that their actions were reasonable. They deny that they were guilty of any fault or wrongdoing in regard to the incident sued upon.

**Sources:**   3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, §103.01
3B O'Malley, Grenig, Lee, <u>Federal Jury Practices & Instructions</u>, 5th Ed., §165.01

**Plaintiff's Proposed Jury Instruction Number 2**
 **Collateral Effect of defendant Pagán's First Degree Murder conviction**

Defendant Javier Pagán was convicted after trial in a Puerto Rico court of First Degree Murder.  Under Puerto Rico law, First Degree Murder requires not only the death of a human being, but the intention of the accused to cause it.  After a trial in which defendant Pagán was represented by counsel and had the full opportunity to present his defenses.

In this case, you must not consider whether or not Mr. Pagán committed First Degree Murder, since this has already been established.  Accordingly, it has also been established that Mr. Pagán used excessive force against Miguel Cáceres and unjustifiably used deadly force.

**Sources:**       *Parklane Hosiery v. Shore, 439 U.S. 322, 333 (1979); Cruz-Berríos v. González-Rosario, 630 F.3d 7 (1st Cir. 2010)*; **Art. 105 Crim Code of Puerto Rico**

2

**Plaintiff's Proposed Jury Instruction Number 3**
**42 U.S.C. section 1983**

The federal civil rights act under which plaintiffs bring this suit is 42 U.S. C. §1983.  You are instructed as a matter of law that under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law.  Every person also has the Constitutional right not to be subjected to unreasonbale force while being arrested by a law enforcement officer, even if such arrest is otherwise made in accordance with due process of law.

You are further instructed that the federal civil rights statute under which the plaintiffs have sued provides that a person may seek relief in this court in the form of a monetary award against any person or persons who, under color of the law or custom of the Commonwealth of Puerto Rico, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

**Sources:        3 Devitt, Blackmar & Wolff, Federal Jury Practice & Instructions, §103.02**

**Plaintiff's Proposed Jury Instruction Number 4**
**Essential Elements of plaintiffs' claim – unlawful police conduct**

In order to prove their claim, the burden is on the plaintiffs to establish by a preponerance of the evidence each of the following elements:

*First*: That the defendants performed acts which operated to deprive Miguel Cáceres of one or more of his federal Constitutional rights, as defined and explained in these instructions, by:

a. Attempting to arrest Miguel Cáceres without probable cause; or

b. Using excessive force against Miguel Cáceres during the course of the attempt to arrest him.

*Second:* The the defendants then and there acted under color of the authority of the Commonwealth of Puerto Rico; and

*Third*: That the defendants' acts were the proximate cause of damages suffered by the plaintiffs.

In this case you are instructed that the defendants were acting under color of the law of Puerto Rico at the time of the acts complained of.  There is no question as to this element of the case.

4

**Plaintiff's Proposed Jury Instruction Number 5**
**Unlawful arrest - defined**

One of plaintifs' claims is that the defendants attempted to arrest Miguel Cáceres and deprive him of his liberty without due process of law.  Before you can determing this issue, you must *first* determine from a preponderance of the evidence in the case whether the defendants committed the acts alleged, and, if so, whether the defendants acted under circumstances within or without their lawful authority under law.  If the defendants acted *within* the limits of their legal authority, then they could not have been attempting to deprive Mr. Cáceres of any right wihout due process of law.

Under the law of the Commonwealth of Puerto Rico, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists if the facts and circumstances known to the officer are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

In determining whether an officer had reasonable grounds to believe that a person has committed an offense, the actions of the officer in making an arrest, or attempting to make an arrest, are to be measured by the test of what a reasonable person would have believed under the same circumstances.

**Sources:**        **3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, §103.06**

5

**Plaintiff's Proposed Jury Instruction Number 6**
**Excessive Force - defined**

Plaintiffs claim that Mr. Cáceres was subjected to excessive force by the defendants in attempting to effectuate his arrest.  In that regard, you are instructed that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even when such arrest is otherwise in accordance with due process of law.  On the other hand, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to effect the arrest.  Whether or not the force used in making an arrest was unnecessary, unreasonable or violent is an issue to be determined by you in the light of all the surrounding circumsantance on the bases of that degree of force a reasonable and prudent officer would have applied in effecting the arrest under the circumstances.

**Sources:**        3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, §103.08

**Plaintiff's Proposed Jury Instruction Number 7**
**Wrongful Death**

Both the federal and the Puerto Rico Constitution prohibit the Commonwealth or police officers acting under color of law from depriving a person of his liberty and life without due process of law.   Both constitutions also prohibit the police officers from violating the right to be secure in their persons as against unreasonable seizures.

These constitutional phrases mean that an individual cannot have his or her life "seized", i.e cannot be deprived of his or her life, unless the Commonwealth carries out a process in order to do so.  Under the Commonwealth Constitution, the death penalty is prohibited.

**Sources:        Commonwealth Constitution, Article II sections 7 and 10; Fourth, Fifth &**
**                         Fourteenth Amendments to United States Constitution.**

**Plaintiff's Proposed Jury Instruction Number 8**
**Use of Deadly Force**

      Deadly force can be used by a police officer only in those cases in which the officer, in light

the totality of the facts and circumstances known to him or her at the time, has probable cause to

believe that a citizen poses a threat of serious physical harm either to the officers or others.

**Source: Tennessee v. Garner, 471 U.S. 1 (1985)**

**Plaintiff's Proposed Jury Instruction Number 9**
**Police officer's liability for failure to comply with duty to intervene**

Law enforcement officers, members of the jury, sometimes have an affirmative duty to intervene, which is enforceable under the Fourth Amendment. For example, an officer who is present at the scene of a detention or an arrest, who is aware of what is going on and fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable under the Civil Rights Act for his nonfeasance, provided that that officer, the onlooker officer, had a realistic opportunity to prevent the other officer's action, from the perspective of a reasonable police officer. An officer who watches an assault but does not intervene may be held liable for the assault.

A constitutional duty to intervene may also arise if the onlooker officer is instrumental in assisting the actual attacker or aggressor to place the victim in a vulnerable position, or an enabler in placing the victim in that position.  In such a scenario, the onlooker officers and the aggressor are essentially joint tortfeasors and, therefor, may incur shared constitutional responsibility.

In Puerto Rico, police officers have the legal obligation to assure compliance with law, to observe and procure the protection of the civil rights of citizens, to take necessary measures to guarantee the protection of persons who are being detained, to treat the public in a courteous manner and to provide assistance to persons who require it, to respect and protect Human Rights, to provide help and protection to persons who face threats of danger to their person, to request medical or emergency services when such persons face such a threat, to utilize nonviolent means before employing force and firearms, and to observe a dignified and decorous treatment towards persons with whom the officers come into contact in performing their work, with strict respect for their human rights.

An officer who fails to stop the excessive use of force by a fellow officer can be held liable

9

for the injuries resulting therefrom.  An officer who is present at the scene and who fails to take

reasonable steps to protec the victim of another officer's excessive force can be held liable under

section 1983 for his nonfeasance.

**Sources:**     **Police Special Order 2003-08**; *Gaudreault v. Municipality of Salem, 923 F.2d 203 (1ˢᵗ Cir. 1990); Torres-Rivera v. Gómez-Cora, 406 F.3d 43 (1ˢᵗ Cir. 2005); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 560-61 (1ˢᵗ Cir. 1989) Martínez v. Colón, 54 F.3d 980, 984, n. 4. Griveson v. Anderson, 538 F.3d 763, 778 (7ᵗʰ Cir. 2008)*

**Plaintiff's Proposed Jury Instruction Number 10**
**Causation under Section 1983**

Under the federal Civil Rights Act, 42 USC Section 1983, liability can be imposed on any person who "subjects or causes to be subjected, any citizen .... to the deprivation of any rights, privileges or immunities secured by the Constitution ...."   A person subjects a citizen to the deprivation of a constitutional right ... if he/she does an affirmative act, participates in another's affirmative acts, or omits to perform an affirmative act which he [or she] is legally required to do, that causes the deprivation involved in the particular case.

Personal participation is not the only predicate for section 1983 liability. The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor know or reasonably should know would cause others to inflict the constitutional injury.

**SOURCES:   42 USC Section 1983; Torres-Rivera v. Gómez-Cora, 406 F.3d 43 (1st Cir. 2005); Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 560-61 (1st Cir. 1989)**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS No. 11**
**Responsibility under the tort law of Puerto Rico**

The Plaintiffs  claim that the defendants are liable to them under the general tort law of Puerto Rico.  According to the law of Puerto Rico, a person who by an act or omission causes harm to another, when there is either negligence or intention, is required to repair the damages, i.e to pay the monetary value of such damages. The Plaintiffs claim that the defendants, through their negligent and/or intentional actions or omissions, caused them such damage.

Under Puerto Rico law, damages can be awarded for violations of the tort law if (a) real damage or injury is established; (b) there is a link between the damage or injury and the act or omission of the defendant or defendants; and © the act or omission of the defendant is negligent or wrongful.

In order to find damages in favor of the plaintiffs you must find that there was an act or omission, by fault or negligence, that caused Plaintiffs' injuries.  Civil responsibility under the tort law of Puerto Rico requires you to indemnify to the injured party by providing an economic value to their sufferings.

Under the law of Puerto Rico, close relatives of the victim in unlawful death cases can recover for their own damages.  This recovery of monetary damages is meant to compensate them for the material or moral damages which they personally suffered as a result of the incidents leading to Mr. Cáceres's death.


**Source:**          **Article 1802, Civil Code, 31 L.P.R.A. § 5141;**

12

**Plaintiff's Proposed Jury Instruction Number 12**
**Meaning of Fault or Negligence**

Fault or negligence under the law of Puerto Rico is the failure to exercise due care, which also consists essentially in not anticipating or foreseeing the rational consequences of an act, or of the failure to perform an act which a prudent person could have foreseen under the same circumstances.

Under Puerto Rico law, "fault consists in the failure to exercise due diligence, the use of which would have prevented the wrongful result."   Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs.   It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property, or of persons or agencies under one's control.

While "fault" results from the execution of an act causing damage to another person, "negligence supposes an omission producing the same effect."   Both concepts — fault and negligence — are analyzed without reference to whether the actor had "injurious intent."

The concept of responsibility for tort violations under the law of Puerto Rico is "infinitely all-embracing, so comprehensive as the human conduct" that "does not admit of limitations or exceptions of any nature", "of great breadth", "including all type of human transgression, be it in the legal or the moral order".   The local concept of fault is as broad as the conduct of human beings and any "fault" which causes or produces damage.

**Sources:**      Article 1802, Civil Code, 31 L.P.R.A. § 5141;   <u>Jiménez v. Pelegrina Espinet</u>, 12 PR Offic. Trans. 881, 886 (1982).  <u>Gierbolina Rivera v. Employers Fire Ins. Co.</u>, 4 P.R. Offic. Trans. 1197, 1201-02; <u>Bonilla v. Cardón</u>, 18 PR Offic. Trans. 696, 709; See also <u>Colón v. Romero Barceló</u>, 12 P.R. Offic. Trans, 718 (1982)

13

**Plaintiff's Proposed Jury Instruction Number 13**
**Proximate Cause**

In order to find defendant Sustache and/or defendant Díaz responsible for the injuries suffered by Mr. Cáceres and the plaintiffs, you must find that their damages were proximately caused by the actions of the defendants you hold responsible.

An injury or damage is proximately caused by an act or a failure to act, whenever it appears that the act or the failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The law does not recognize only one proximate cause of injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of many persons, may operate, either separately or together, to cause injury or damage.  In such a case, each of these factors or persons may be considered to be a proximate cause.

In general terms, a defendant need not to be found to directly cause the harm.  A defendant will be held responsible for those consequences of their actions or omissions which are reasonably foreseeable, even if those actions are committed by other persons.

Sources:        3B O'Malley, Grenig, Lee, <u>Federal Jury Practices & Instructions,</u> 5th Ed., §120.60;§120.61<u>; 3</u> Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions,</u> §80.18; 80.19<u>; *Gutiérrez-Rodríguez v. Cartagena*,</u> *882 F.2d 553, 561, 569 (lst Cir. 1989)*

**Plaintiff's Proposed Jury Instruction Number 14**
**Joint Tortfeasors**


When the negligent or intentional acts or omissions of two or more persons contribute concurrently, and as proximate causes, to the injury and damage of another, each of such persons can be held liable.  This is true regardless of the degrees of blame or fault you may attribute to each of them.



**Source:**          **3B O'Malley, Grenig, Lee, Federal Jury Practices & Instructions, 5th Ed., §120.50**

**Plaintiff's Proposed Jury Instruction Number 15**
**Testimony of Law Enforcement officers**

       The testimony of a government official such as a police officer is entitled to no special or exclusive sanctity.  A government official who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does.  You should not believe or disbelieve such a person merely because he/she is a government official.  You should recall her demeanor on the stand, her manner of testifying, the substance of her testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. Government officials do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

**Source:**          ***Roberts v. Hallocher*, 664 F.2d 200 (8th Cir. 1981)**

**Plaintiff's Proposed Jury Instruction Number 16**
**Child Witness**

One of the witnesses in this case was a child, plaintiff MAC.  A child is not disqualified from being a witness simply because of his or her youth.  As with all other witnesses, you are the sole judge of the credibility of a child who testifies.  You may consider not only age, but demeanor while testifying, the capacity to observe facts, and to recall them, the ability to understand questions asked the child, and the child's ability to answer them intelligently.

You should decide whether the child impresses you as having an accurate memory and recollection, whether the child understands the event or occurrence in question, whether the child impresses you as truthful, and any other facts and circumstances that impress you as important or significant in determining the child's credibility.  On the basis of your consideration, you may give the child's testimony such weight as you feel it deserves.

**Source:**        1 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, §105.12

**Plaintiff's Proposed Jury Instruction Number 17**
**All persons equal before the law**

      This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Sources:**      3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, §71.02;

                    *<u>Kerr v. Chicago</u>, 424 F.2d 1134, 1138 (7th Cir., 1970), cert denied 400 U.S. 883*

**Plaintiff's Proposed Jury Instruction Number 18**
**Compensatory Damages**

If Plaintiffs demonstrate that one or more of the defendants is liable to the plaintiffs, you must consider what award of damages, if any, will reasonably compensate them for their damages. You will be called upon to fix the amount of money damages which will reasonably and fairly compensate them for any harm for which the wrongful conduct of the defendants was a substantial factor in bringing about. This can include compensation for mental sufferings, economic losses suffered by them.

Among the elements of injury and harm which you should consider are:

(A) The emotional, and mental anguish, to the Plaintiffs, including the emotional harm, and mental anguish caused by the death, and the cover-up, as well as any economic damages you find they have suffered; and

(B) The extent and duration of the harm and injuries, including their continuation in the future.

Under the law, there is a right to claim damages for mental suffering independent of the existence of other kinds of damages. In order to prove mental suffering, Plaintiffs are not required to demonstrate that the defendants intended for them to so suffer, but rather that their actions indeed caused such sufferings.

Compensatory damages are not restricted to actual loss of time and money; they cover both the mental and physical aspects of injury -- tangible and intangible. They are an attempt to restore Plaintiffs to the position and conditions in which they were prior to defendants' actions.

**Sources:**       **U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Civil Cases, Damages Instruction No. 1, p. 133**

**Plaintiff's Proposed Jury Instruction Number 19**
**Survivorship Action**

In addition to any damages you may find that the plaintiffs themselves have suffered, you will be called upon to assess the damages suffered by Miguel Cácers as a result of the defendants' actions, and the value of the loss of his life.  This is called the "survivorship" action.

Actions for personal injury survive the death of a person and can be brought by his heirs. In the context of this case, Miguel Cáceres's heirs inherit his rights with respect to the any claim constitutional claims he may have had, including his claims for deprivation of his life and liberty without due process of law, excessive force, or any claim based in the tort law of Puerto Rico, as these terms have already been explained to you.

In this case, the children of Miguel Cáceres, as well as his widow, in representation thereof, are entitled to recover damages for any of these injuries which you find were suffered by Miguel Cáceres before his death and which were caused by any or all of the defendants, and for which they are liable.   If you find that any of the defendants are so liable, then you can consider the amount of money which will compensate Mr. Cáceres's heirs for these injuries.  If you find that any or all of the defendants are liable for any of these violations, you should assign a dollar amount in the part of the verdict form which refers to the survivorship action.

**Sources:**        *Barreto Rivera v. Medina, 963 F.Supp. 78, 84 (D. P.R. 1997)*; *Encarnacion v. Betancourt y Lebron, 855 F.Supp. 528*

20

**PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 20**
**<u>Punitive Damages</u>**

Under the federal civil rights laws, if you find that the Plaintiffs are entitled to a verdict for actual or compensatory damages, you may also find that the Plaintiffs are entitled to punitive damages, and you may add to the actual damages such amount as you agree is proper. The plaintiffs may not recover punitive damages without establishing liability for compensatory damages.  The purpose of punitive damages is not to compensate plaintiff, but rather to punish the defendants and to deter the defendants and others from committing such acts in the future.

In this case, the plaintiffs are requesting punitive damages at this time only against defendant Javier Pagán.  In order to find punitive damages, you must find that the acts or omissions of this defendant, which proximately caused actual damages to the plaintiff, were maliciously or wantonly done.  If you so find, you may add to the award of actual damages such amount as you shall agree to be proper as punitive damages.

An act or failure to act is maliciously done if prompted or accompanied by ill will, spite or grudge, either toward the injured person individually, or towards all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is wantonly done if done in reckless or callous disregard of, or indifference to the rights of one or more persons including the injured person.

In order to award punitive damages against Mr. Pagán, you must find one of the following:

> (1) that he acted for the purpose of injuring plaintiff;  or

> (2) that he acted in reckless disregard for plaintiff's rights; or

> (3) that he abused his official power, or took unfair advantage of the plaintiff.

If you find that Pagán did one or more of those things, then you may award punitive damages

**Sources:**    3 Devitt & Blackmer, <u>Federal Jury Practice & Instructions</u> secs. 85.19; 86.09
<u>*Smith v. Wade*</u>, *461 U.S. 30 (1983);*  <u>*Gutiérrez-Rodríguez v. Cartagena*</u>, *882 F.2d 553 (lst Cir. 1989)*

WHEREFORE, the plaintiffs respectfully request that this court take instruct the jury using the instructions  submitted herewith.

This is to certify that this document is being submitted through the ECF filing system, which will automatically notify all counsel of record.

Respectfully submitted in San Juan Puerto Rico, this 20th day of January, 2012

Berkan/Mendez
Calle O'Neill G-11, San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814;Fax.: (787)250-0986
bermen@prtc.net

By:            /s/ Judith Berkan
               Judith Berkan, USDC 200803
                berkanj@microjuris.com

23