IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN RAMIREZ-LLUVERAS, *et al.*,

   **Plaintiffs,**

              **v.**                         CIVIL NO. 08-1486 (FAB)

JAVIER PAGAN-CRUZ, *et al.*,

   **Defendants.**

### OPINION AND ORDER[1]

BESOSA, District Judge.

    Before the Court is the plaintiffs' motion *in limine* (Docket No. 354) and briefing regarding their request for special damages (Docket No. 369).  For the reasons set forth below, plaintiffs' motion *in limine* is **GRANTED IN PART** and their special damages brief is **NOTED**.

### DISCUSSION

### I.   Background

    On April 28, 2008, plaintiffs Evelyn Ramirez-Lluveras, Jenitza Caceres, and minors MC and MAC (collectively, the "plaintiffs") filed a complaint seeking personal damages and damages caused to their decedent, Miguel Caceres-Cruz. (Docket No. 2.)  On March 30, 2009, the plaintiffs filed an amended complaint against several field officers in the Puerto Rico Police Department, Javier Pagan-

_____

    [1] Elizabeth Gray, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

Cruz, Carlos Sustache-Sustache ("Sustache"), Zulma Diaz ("Diaz") (collectively, the "field officers"), and various defendants whom the plaintiff alleges supervised the filed officers.  (Docket No. 64.)  The amended complaint alleges an action for wrongful death, assault and battery, and violations of plaintiffs' constitutional rights.  Id.  On January 20, 2012, the plaintiffs filed a motion *in limine* requesting that the Court exclude (1) evidence relating to the acquittal of defendants Sustache and Diaz in the Commonwealth criminal court, and (2) testimony from an expert witness to be called by Diaz.  (Docket No. 354.)  Defendants have not opposed the motion.  On January 23, 2012, the parties filed a joint proposed pre-trial order.  (Docket No. 359.)  On January 31, 2012, at the pretrial conference, the Court requested that the plaintiffs brief it as to whether their requested special damages could in fact be requested.  (See Docket No. 364, at pp. 4, 5.)  On March 7, 2012, the plaintiffs submitted a motion in response to the Court's request.  (Docket No. 369.)  The defendants have not submitted a response to the plaintiffs' motion regarding special damages.  The Court will address both Docket Nos. 354 and 369 below.

## II.   Legal Analysis

### A.   Plaintiffs' Motion *In Limine*

#### i.   Evidence of the Defendants' Prior Acquittal is not Relevant and Therefore not Admissible

The plaintiffs first request that the Court exclude any mention, evidence, or argument that pertains to the acquittal of defendants Sustache and Diaz in their criminal trial. (Docket No. 354.)  Plaintiffs argue that (1) the evidence is not relevant pursuant to Rule 401 of the Federal Rules of Evidence,[2] (2) admission of the evidence of acquittal is not supported by claim preclusion or res judicata,[3] and (3) if the Court finds the

---

[2] Rule 401 provides in pertinent part

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action. Fed.R.Evid. 401.

[3] The plaintiffs are misguided in their use of claim preclusion and *res judicata* to support their argument.  Having determined that evidence of acquittal is not admissible under the Federal Rules of Evidence, the Court finds it unnecessary to address the issue.

acquittal evidence relevant, it should still be barred pursuant
Rule 403 of the Federal Rules of Evidence.[4]  Id. at pp. 1-4.

          The plaintiffs contend that evidence of the
defendants' prior acquittal is not relevant because there is a
"complete lack of mutuality" between the criminal charges and this
case.  Id. at p. 2.  Relevant evidence "has any tendency to make a
fact more or less probable than it would be without the evidence
. . . [and] is of consequence in determining the action."
Fed.R.Evid. 401.  The First Circuit Court of Appeals has
acknowledged that evidence of an "acquittal in a prior court
proceeding involving similar subject matter is usually not admitted
into evidence."  United States v. Bisanti, 414 F.3d 168, 172 (1st
Cir. 2005); see also United States v. Jones, 808 F.2d 561, 566 (7th
Cir. 1986) ("Evidence of a prior acquittal is only relevant in
determining whether the prosecution is barred by double jeopardy or
collateral estoppel.") (internal citation omitted).  Evidence of
defendants Sustache's and Diaz's prior acquittals are not relevant
to this case at trial.  See Fed.R.Evid. 401; United States v.
Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998) ("evidence [of a

_____

     [4] Rule 403 provides in pertinent part that

          The court may exclude relevant evidence if its
          probative value is substantially outweighed by
          a danger of one or more of the following:
          unfair prejudice, confusing the issue,
          misleading the jury, undue delay, wasting
          time, or needlessly presenting cumulative
          evidence.  Fed.R.Evid. 403.

Civil No. 08-1486 (FAB)                                                  5

prior acquittal] ordinarily does not prove innocence"); see also United States v. Kerley, 643 F.2d 299, 300 (5th Cir. 1981) ("evidence of a prior acquittal . . . merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.").

          Furthermore, even if deemed relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed.R.Evid. 403.   Evidence of prior acquittals "has a tendency to confuse the jury rather than assist it."   Bisanti, 414 F.3d at 173.   Given the similar subject matter of this case and the prior criminal cases, the admission of evidence of the prior acquittals could result in jury confusion. see Marrero-Ortiz, 160 F.3d at 775 (explaining that jury confusion may arise because "cases are dismissed for a variety of reasons, many of which are unrelated to culpability").   As a result, the Court **GRANTS** plaintiffs motion *in limine* request to exclude any mention, evidence, or argument pertaining to the acquittal of defendants Sustache and Diaz in their criminal trial.

### ii.   Plaintiffs' Request To Exclude Expert Testimony From Santiago Rullan is Moot

          The plaintiffs next request that the Court exclude testimony by Santiago Rullan ("Rullan") and the report prepared by him.   (Docket No. 354, pp. 4-8.)   Subsequent to the filing of the

Civil No. 08-1486 (FAB)                                                    6

motion *in limine*, the Court held its scheduled pre-trial conference.   (Docket No. 364.)   During the course of the conference, counsel for defendant Diaz informed the Court that Rullan would no longer be called to testify.   Id. at pp. 2-3.   As a result, the plaintiffs' argument is deemed **MOOT**.   The Court will now address the plaintiffs' brief on special damages.

B.   **Special Damages Brief**

i.   **Plaintiffs May Not Recover Special Damages Pursuant to Section 1983**

The plaintiffs request damages for their own suffering and loss pursuant to section 1983.   (See Docket No. 64.) "First Circuit case law holds that surviving family members cannot recover in an action brought under section 1983 for deprivation of rights secured by the federal constitution *for their own damages* from the victim's death unless the unconstitutional action was aimed at the familial relationship." Robles-Vazquez v. Garcia, 110 F.3d 204, 206 n. 4 (1st Cir. 1997) (emphasis in original); see Dela Mata v. PR Highway & Transp. Auth., No. 10-1759, 2012 U.S. Dist. LEXIS 46583, at *11-12 (D.P.R. March 30, 2012) (dismissing spouse's claim of damages for actions against her husband).   Surviving family members, however, may bring an action on behalf of the decedent pursuant to section 1983. Rossi-Cortes v. Toledo-Rivera, 540 F.Supp.2d 318, 327 (D.P.R. 2008).   Survivorship of a section 1983 action is established by state law. Id.   While Puerto Rico does not have a survivorship statute, "the Supreme Court of Puerto

Rico has held that survivorship is generally encompassed within article 1802 of the Puerto Rico Civil Code." Id.; see also Burgos-Yantin v. Municipality of Juana Diaz, 709 F.Supp.2d 118, 122 (D.P.R. 2010) ("survivorship is encompassed within the remedial character of Puerto Rico tort law . . . ."). Since surviving family members may recover "damages for the conscious pain and suffering of [the] decedent, as opposed to damages for his immediate death . . ." pursuant to article 1802, they also have standing to sue pursuant to section 1983. Rossi-Cortes, 540 F.Supp.2d at 327-28. Furthermore, a plaintiff may bring a section 1983 action only "when there is a showing that the decedent suffered prior to his death." Id. at 328. In their amended complaint, plaintiffs allege that decedent Caceres "suffered excruciating pain, fear, desperation and other emotional and physical sufferings" prior to his death. (Docket No. 64, p. 14.) Therefore, the plaintiffs may seek recovery for the general, or moral, damages sustained by decedent Caceres, but may not seek recovery for special damages sustained by themselves pursuant to section 1983.

### ii. Plaintiffs May Recover Special Damages Pursuant to Article 1802

The plaintiffs also request damages for their own suffering and loss pursuant to article 1802 of the Puerto Rico

Civil Code, P.R. Laws Ann. Tit. 31, § 5141[5] ("article 1802"). (See Docket No. 64.)  Surviving family members have a right to recovery pursuant to article 1802.  Robles-Vazquez, 110 F.3d at 208. Surviving family members have two possible causes of action.  Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F.Supp.2d 14, 19 (D.P.R. 2010).  "[O]ne is the personal action of the original victim of the accident for the damages that the same suffered; and the other, the action which corresponds . . . to the deceased's close relatives for the damages the death of their predecessor caused them."  Id.  Similar to the constraints of section 1983, surviving family members may have a claim for the "tortiously inflicted pain and suffering sustained by the decedent prior to death."  Montalvo v. Gonzalez-Amparo, 587 F.3d 43, 47 (1st Cir. 2009).  Additionally, the Puerto Rico Supreme Court has held that "the next of kin of the victim are entitled to compensation for the material and moral damages which they personally suffered . . . ." Robles-Vazquez, 110 F.3d at 208 (citing Hernandez v. Fournier, 80 P.R. 93, 96-104 (1957)).  The Supreme Court of Puerto Rico has given great latitude to plaintiffs in recovery pursuant to article 1802.  See Santiago v. Grp. Brasil, Inc., 830 F.2d 413,

---

[5] Article 1802 provides in pertinent part that,

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. P.R. Laws Ann. Tit. 31, § 5141.

415-16 (1st Cir. 1987) (Article 1802 "establishes one of the fundamental principles of our jurisprudence – that of the Aquilian liability for personal acts – *all damage*, whether material or moral, gives rise to reparation . . . .") (emphasis in original); see also Montalvo, 587 F.3d at 47 (allowing plaintiff's claim for the wrongful death of her mother that alleged mental and moral damages as well as funeral expenses). Consequently, the plaintiffs are permitted to plead special damages and general damages for their own personal harm under article 1802. The Court will now determine whether the plaintiffs have satisfactorily pled those damages.

### iii. Plaintiffs Have Sufficiently Pled Their Special Damages

The Federal Rules of Civil Procedure provide that "[i]f an item of special damage is claimed, it must be specifically stated." Fed.R.Civ.P. 9(g). Little guidance exists as to what level of specificity is required. The First Circuit Court of Appeals has held that the "purpose [of the pleading requirement] is to give notice." Suarez-Matos v. Ashford Presbyterian Comm. Hosp., Inc., 4 F.3d 47, 51-52 (1st Cir. 1993). The Suarez-Matos court also found that "the more natural . . . the damages, the less pleading [was] needed." Id. at 52. Other circuits are equally lacking in direction as to what must be pleaded for special damages. The Seventh Circuit Court of Appeals has found that "[a]lthough an estimation of final total dollar amounts lost is

unnecessary, the pleadings must demonstrate some actual pecuniary loss." Action Repair, Inc. v. Am. Broad. Co., Inc., 776 F.2d 143, 50 (7th Cir. 1985) (internal citations omitted).  The Fifth Circuit Court of Appeals regards the specificity requirement as a manner "to inform defending parties as to the nature of the damages claimed in order to avoid surprise." Great Am. Indem. Co. v. Brown, 307 F.2d 306, 308 (5th Cir. 1962).

        The plaintiffs' amended complaint does not provide "a specific accounting of [the] damages or an explanation of how the purported [tortious act] caused them." Lott v. Levitt, 556 F.3d 564, 570 (7th Cir. 2009).  The request in the complaint reads:

> An amount in excess of $2,000,000.00 for each of the plaintiffs, for a total of $8,000,000.00 in compensatory damages for the harm done to the plaintiffs due to the actions taken against their father and husband, as well as the violation of their own rights, this amount including loss of expected income which plaintiffs would have received had Miguel Cáceres-Cruz survived, other economic loss associated with the death of their father and husband, and compensation for physical and emotional sufferings . . . . (Docket No. 64, p. 17.)

The plaintiffs' amended complaint provides neither a "basis for the figure" nor a "connection between [the tortious act] and the damage." Action Repair, Inc., 776 F.2d at 150 (internal citation omitted).  Subsequently, however, the plaintiffs provided a more detailed account of the special damages requested in the proposed pretrial order filed by the parties.  (Docket No. 359.)  A subsequent pretrial order may serve as an opportunity to supercede a complaint. Weyerhaeuser Co., v. Brantley, 510 F.3d 1256, 1267

Civil No. 08-1486 (FAB)                                              11

(10th Cir. 2007).  The plaintiffs have sufficiently pled the requested special damages because they provided detailed allegations of their special damages in the proposed pretrial order, and defendants failed to object to the allegations of special damages.  Cf. Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756 & n. 18 (1st Cir. 2010) (holding that a plaintiff's claim was waived when not included in the complaint *or pretrial order*) (emphasis added); see also Weyerhaeuser Co., 510 F.3d at 1267 (holding that special damages were sufficiently pled where party specified the damages in the pretrial order and the opposing party failed to object).

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion *in limine* to exclude any mention, evidence, or argument pertaining to the acquittal of defendants Sustache and Diaz in their criminal trial, and deems **MOOT** plaintiffs' request to exclude expert testimony from Santiago-Rullan.  The Court also **NOTES** the plaintiffs' special damages brief and allows plaintiffs to proceed with their allegations of special damages in their personal capacity wrongful death action pursuant to article 1802 of the Civil Code.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 27, 2012.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE