IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN RAMIREZ-LLUVERAS, *et al.*,

**Plaintiffs**,

v.

JAVIER PAGAN-CRUZ, *et al.*,

**Defendants**.

CIVIL NO. 08-1486 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 ("section 1983") and Article 1802 of Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, § 5141 ("article 1802"). Before the Court is plaintiffs' motion in compliance with the Court's Order to Show Cause why summary judgment should not be granted in defendants' Carlos Sustache-Sustache ("Sustache") and Zulma Diaz's ("Diaz") favor with respect to plaintiffs' claims brought pursuant to the Fifth, Eighth, and Fourteenth Amendments of the Constitution. (Docket Nos. 382, 394.) For the reasons discussed below, summary judgment is **GRANTED** as to plaintiffs' claims brought against Sustache and Diaz pursuant to the Fifth, Eighth and Fourteenth Amendments. See Fed.R.Civ.P. 56(f).

**BACKGROUND**

On March 3, 2009, plaintiffs Evelyn Ramirez-Lluveras, Jenitza Caceres, MC and MAC (collectively, the "plaintiffs") filed an

Civil No. 08-1486 (FAB)                                                   2

amended complaint on behalf of themselves and Miguel Caceres-Cruz ("Caceres"), against Puerto Rico Police Department ("PRPD") field officers Sustache, Diaz and Javier Pagan-Cruz ("Pagan").[1] (Docket No. 64.) Plaintiffs allege that the field officers and supervisory defendants violated their rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution when Caceres was shot and killed during an arrest.

On September 30, 2011, the Court granted in part and denied in part the supervisory defendants' motion to dismiss the plaintiffs' complaint and for judgment on the pleadings. (Docket Nos. 329, 332.) The Court held that: (a) plaintiffs did not have standing to bring suit on their own behalf, but had standing to sue as Caceres' representative; (b) plaintiffs' adequately pled supervisory liability; and (c) plaintiffs' stated a cause of action pursuant to the Fourth Amendment but failed to do so pursuant to the Fifth, Eighth, and Fourteenth Amendments. (Docket No. 332, 6-28.) Subsequently, in an opinion and order dated December 22, 2011, the Court granted the supervisory defendants' motion for summary judgment because plaintiffs' did not establish a question of material fact that the supervisory defendants may be held liable under a supervisory liability theory. (Docket No. 338 at 13-31.)

---

[1] Plaintiffs also filed suit against several PRPD supervisors, Juan Colon-Baez ("Colon"), Rafael Figueroa-Solis ("Figueroa"), Victor Cruz-Sanchez ("Cruz"), Edwin Rivera-Merced ("Rivera") and Pedro Toledo-Davila ("Toledo") (collectively, the "supervisory defendants").

Plaintiffs then moved for summary judgment against Pagan, arguing that Pagan's civil liability was conclusively established because Pagan was previously convicted of First Degree Murder. (Docket No. 365 at ¶ 24.)  In an opinion and order dated April 23, 2012, the Court dismissed plaintiffs' section 1983 claim brought in their personal capacities against Pagan, granted summary judgment in plaintiffs' favor as to Pagan's liability pursuant to section 1983 for a Fourth amendment violation and article 1802, and granted summary judgement in Pagan's favor with respect to plaintiffs' claims under the Fifth, Eighth and Fourteenth Amendments. (Docket No. 382 at 10-17.)  The Court also ordered plaintiffs to show cause why summary judgment should not be granted in Diaz's and Sustache's favor with respect to plaintiffs' claims brought against them pursuant to the Fifth, Eighth, and Fourteenth Amendments.  (<u>Id</u> at 18.)  Plaintiffs complied with the Court's order on May 3, 2012. (Docket No. 394.)

**SUMMARY JUDGMENT STANDARD**

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

Civil No. 08-1486 (FAB)                                                4

a matter of law."  See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law."  See Rule 56(c).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l., Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine."  "Material" means that a contested fact has the potential to change the outcome of the suit under governing law.  The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is

well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment."  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inference in that party's favor."  Griggs-Ryan v. Smith, 904 F.3d 112, 115 (1st Cir. 1990).  The Court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation."  Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## DISCUSSION

The Court proceeds in two steps.  The Court first analyzes whether plaintiffs have standing to bring suit under section 1983 against Sustache and Diaz.  After concluding that plaintiffs have standing to sue as Caceres' representatives, the Court addresses whether there is no issue of material fact concerning whether Sustache and Diaz violated the Fifth, Eighth and Fourteenth Amendments.

### I.  Standing

"The standing inquiry focuses on whether the plaintiff is the proper party to bring this suit . . . ."  Raines v. Byrd, 521 U.S.

811, 818 (1997).  The Court has addressed whether plaintiffs have standing to sue in two prior opinions.  (Docket No. 332 at 6-10; Docket No. 382 at 5-6.)  On both occasions, the Court held that plaintiffs have standing to assert a section 1983 action on Caceres' behalf, but lacked standing to bring a section 1983 suit in their personal capacities.  (Id.)  The Court sees no reason to diverge from its prior holdings.

In short, plaintiffs have standing to sue on Caceres' behalf because Puerto Rico law permits a decedent's heirs to recover for the decedent's pain and suffering prior to death.  Robertson v. Wegmann, 436 U.S. 584, 98 (1978) (holding that a decedent's heirs may recover under section 1983 if the state survivorship law so permits); Gonzalez Rodriguez v. Alvarado, 134 F.Supp.2d 451, 454 (D.P.R. 2001) ("Puerto Rican law permits an heir to bring a § 1983 action in his representative capacity only where there is a showing that the deceased has suffered prior to his death.") (internal citations omitted).  Plaintiffs do not have standing, however, to sue Sustache and Diaz in their personal capacities.  To have standing to bring suit pursuant to section 1983, plaintiffs must avail themselves of the exception to the general bar on third party standing:  that the alleged constitutional violation was aimed at the family relationship.  Robles-Vazquez v. Garcia, 110 F.3d 204, 206 n. 4 (1st Cir. 1997) ("First Circuit case law holds that surviving family members cannot recover in an action brought under

Civil No. 08-1486 (FAB)                                                7

§ 1983 for deprivation of rights secured by the federal constitution for their own damages from the victim's death unless the unconstitutional action was aimed at the familial relationship."). First Circuit case law makes clear that the loss of companionship does not establish a governmental interference aimed at the family relationship. Soto v. Flores, 103 F.3d 1056, 1062 (1st Cir. 1997); Reyes Vargas v. Rosello Gonzalez, 135 F.Supp.2d 305, 308-09 (D.P.R. 2001). Because Sustache's and Diaz's conduct was not aimed at the familial relationship, plaintiffs do not have standing to bring suit in their personal capacities.

While plaintiffs' argument is difficult to unpack, it appears as though they argue that the First Circuit Court of Appeals no longer requires conduct to be "aimed at the familial relationship" to have standing to sue for violations of substantive due process. (Docket No. 394, 5-9.) (citing Maldonado v. Fontanes, 568 F.3d 263 (1st Cir. 2009). Plaintiffs misinterpret Maldonado. In Maldonado, the residents of three public housing developments brought suit against the mayor of Barceloneta, alleging that he unlawfully seized and killed their pet cats and dogs. Id. at 266. The issue in dispute was, *inter alia*, whether the mayor was entitled to qualified immunity because the complaint, on its face, did not describe conduct that shocked the conscience. Id. at 272. The court in Maldonado did not hold that a decedent's heirs have

Civil No. 08-1486 (FAB)                                                  8

standing to sue on their own behalf if the defendant's conduct shocks the conscience.

## II. Section 1983 Liability

A prima facie case under section 1983 requires proof of two elements: that Sustache and Diaz (1) caused Caceres to be deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, (2) while acting under the color of state law. Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008).

### A.   Alleged Deprivation of Constitutional Rights

Plaintiffs allege that Sustache and Diaz violated their rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.  Each amendment will be addressed in turn.

#### 1.   Fifth and Fourteenth Amendments

The due process clause of the Fifth Amendment of the United States Constitution provides, in pertinent part, that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Similarly, the due process clause of the Fourteenth Amendment states, "nor shall any *state* deprive a person of life, liberty, or property without due process of law." U.S. Const. amend XIV. (emphasis added). The Fifth Amendment due process clause applies to the federal government, whereas the Fourteenth Amendment due process clause applies to state governments. Dusenbery v. United States, 534 U.S.

Civil No. 08-1486 (FAB)                                                9

161, 167 (2002).  Plaintiffs point out that the Supreme Court has yet to definitively determine whether Puerto Rico is a state or an arm of the federal government for due process purposes.  (Docket No. 394, 1-5.)  Nevertheless, it is well established in the First Circuit that PRPD officers, such as Sustache and Diaz, are state actors subject to the Fourteenth Amendment, not the Fifth Amendment.  <u>See</u> <u>Martinez-Rivera v. Sanchez Ramos</u>, 498 F.3d 3, 8 (1st Cir. 2007); <u>Natal-Rosario v. Puerto Rico Police Dep't.</u>, 609 F.Supp.2d 194, 201 (D.P.R. 2009).

　　　　Plaintiffs appear to allege that Sustache and Diaz violated Caceres' Fourteenth Amendment rights by using excessive force against Caceres and failing to intervene to prevent Pagan

from using excessive force.[2]  (Docket No. 394, 9).  Both theories are unavailing because allegations of excessive force and failure to intervene are analyzed exclusively under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due

---

[2] Plaintiffs never sufficiently articulated to the Court their theory of Fourteenth Amendment liability, despite having the opportunity on separate occasions:  plaintiffs' response to the supervisory defendants' motion to dismiss, plaintiff's own motion for partial summary judgment against Pagan and their response to the Court's order to show cause.  (Docket Nos. 2, 64, 232, 365, 394.)  Indeed, the Court stated in a prior opinion that "[c]ounsel seems to view the Constitution as merely a buffet table of violations ripe for listing in the complaint, leaving the Court to fill in the logical blanks."  (Docket No. 329, at 21-22) (quoting Colon-Andino v. Toledo-Davila, 634 F.Supp.2d 220, 232 n. 31 (D.P.R. 2009))).

The Court has attempted to connect plaintiffs' factual allegations with the appropriate constitutional amendment.  It is conceivable that additional theories of liability are available. But it is not the Court's obligation to scour the record with the hope of finding actionable constitutional violations.  Nor should it be: "It is the duty of an attorney to research the law and to present the court with citations to controlling legal authority" because "[n]o court, no matter how capable and knowledgeable, can possibly keep in front of its mind every precedent and statute in the myriad specialized areas of law." Vargas v. McNamara, 608 F.2d 15, 19 (1st Cir. 1979)(citing Model Code of Prof'l. Responsibility Canon 7.).  Accordingly, plaintiffs' arguments are waived to the extent that the Court may have missed a diamond in the rough. See Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011).

process' approach."); see <u>Torres-Rivera v. O'Neill-Cancel</u>, 406 F.3d 43, 50-54 (1st Cir. 2005).

Plaintiffs state that Sustache's and Diaz's conduct was shocking to the conscience, and thus actionable under the Fourteenth Amendment because:

> the facts in the case at bar, involving *inter alia* an intervention for no legitimate law enforcement purpose, the summary execution of a citizen for no reason, the actions of Diaz and Sustache in promoting the intervention and then failing to stop Pagan, while also preventing citizens from coming to Mr. Caceres's aid, the failure of Sustache and Diaz to procure any medical assistance to the dying man, the radio call by Diaz, in front of Sustache, in which she failed to mention the injuries to the citizen, and the subsequent attempts by these two defendants to cover up their wrongdoing and to falsely place blame on Mr. Caceres . . .

(Docket No. 394, 9.) Plaintiffs contention is too little too late. As previously mentioned, the Court construed plaintiffs' complaint as asserting allegations of excessive force and failure to intervene during an arrest. Claims of excessive force and failure to intervene are only cognizable by the Fourth Amendment. <u>Graham</u>, 490 U.S. at 395; <u>Torres-Rivera</u>, 406 F.3d at 50-54; <u>compare</u> <u>Cummings v. McIntire</u>, 271 F.3d 341, 344 (1st Cir. 2001) ("Claims of excessive force by a police officer arising outside the context of a seizure, and thus outside the Fourth Amendment, are analyzed under substantive due process principles.").

Moreover, conscience-shocking behavior may be found where there is "an extreme lack of proportionality, as the test is

Civil No. 08-1486 (FAB)                                              12

primarily concerned with 'violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.'" Gonzalez-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010) (quoting Moran v. Clarke, 296 F.3d 638, 647 (8th Cir. 2002). Yet, despite the extreme level of conduct required to establish conscience-shocking behavior and plaintiffs' own recognition that the First Circuit Court of Appeals has never found conduct sufficient to satisfy the standard, plaintiffs' chose not to accompany their response to the Court's Order to Show Cause with evidence regarding Sustache's and Diaz's conduct.  As the First Circuit Court of Appeals has stated, litigants "must give us the 'raw materials' (transcripts spring quickly to mind) so we can do our work, or they may lose as a consequence."  Rodriguez, 650 F.3d at 175.

Accordingly, summary judgment is **GRANTED** in Sustache and Diaz's favor with respect to plaintiffs' claim brought pursuant to the Fifth and Fourteenth Amendments.

   **2.   Eighth Amendment**

The Eighth Amendment of the Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  U.S. Const.

Civil No. 08-1486 (FAB)                                                 13

amend. VIII. The scope of the Eighth Amendment's protection extends to incarcerated convicts. Graham, 490 U.S. at 395 n. 10, 398 (internal citations omitted); Martinez-Rivera, 498 F.3d at 9. Plaintiffs concede that the Eighth Amendment is inapplicable in the instant case. (Docket No. 394, 5.) Because Sustache's and Diaz's alleged unconstitutional conduct arises out of an arrest, not while Caceres was incarcerated after being convicted of a crime, defendants' motion for summary judgment is **GRANTED** in Sustache's and Diaz's favor with respect to plaintiffs' claim brought pursuant to the Eighth Amendment.

## CONCLUSION

For the reasons set forth above, summary judgment is **GRANTED** as to plaintiffs' claims brought against Sustache and Diaz pursuant to the Fifth, Eighth and Fourteenth Amendment.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 21, 2012.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE