IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVELYN RAMIREZ-LLUVERAS, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>JAVIER PAGAN-CRUZ, *et al.*,<br><br>**Defendants**. | CIVIL NO. 08-1486 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

On November 9, 2012, after a 12-day trial, a jury rendered a verdict in favor of all plaintiffs[1] against defendants Carlos Sustache-Sustache ("Sustache"), Zulma Diaz ("Diaz"), and Javier Pagan-Cruz ("Pagan"), pursuant to 42 U.S.C. § 1983 ("section 1983") and article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("article 1802").[2]  The Court entered judgment on November 13, 2012.  (Docket No. 467.)

---

[1] Plaintiffs in this case are the widow and children of Miguel A. Cáceres ("Mr. Caceres"):  Evelyn Ramirez-Lluveras, Jenitza Caceres, Michelle Caceres, and the minor child, known as M.A.C. (Docket No. 64.)

[2] The jury awarded $2 million to the estate of decedent Mr. Caceres; $800,000 to plaintiff Evelyn Ramirez; $750,000 to plaintiff Jenitza Caceres; $930,000 to plaintiff Michelle Caceres; $2 million to plaintiff M.A.C.; and $5 million in punitive damages against defendant Pagan. (Docket No. 464.)

Civil No. 08-1486 (FAB)                                                                2

Before the Court are the renewed[3] motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 ("Rule 50") of defendant Sustache, (Docket No. 468), and defendant Diaz, (Docket No. 469).  Both defendants also request a new trial pursuant to Federal Rule of Civil Procedure 59 ("Rule 59"). (Docket Nos. 468 & 469.)  Plaintiffs filed a timely opposition to each motion.  (See Docket Nos. 470 & 471.)  For the reasons that follow, both defendant Sustache's and defendant Diaz's motions are **DENIED**.

I.   **RULE 50 STANDARD**

Rule 50 allows a party during a jury trial to move the Court for entry of judgment as a matter of law.  Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the [C]ourt finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ."  Fed.R.Civ.P. 50(a)(1).  If the Court denies the motion, then "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."  Fed.R.Civ.P. 50(b).

---

[3] On November 7, 2012, defendants Sustache and Diaz each presented in open court a Rule 50 motion for judgment as a matter of law. (Docket No. 460.)  Although defendant Diaz also filed a written motion for judgment as a matter of law pursuant to Rule 50, (Docket No. 458), defendant Sustache did not file a motion in writing.

Civil No. 08-1486 (FAB)                                               3

Because granting a motion for judgment as a matter of law deprives the party opposing it of a determination by the jury, it is to be granted cautiously and sparingly. Rivera-Castillo v. Autokirey, Inc., 379 F.3d 4, 9 (1st Cir. 2004) ("Even in the best circumstance, the standards for granting a motion for judgment as a matter of law are stringent."); 9B Wright and Miller, Federal Practice and Procedure § 2524 (3d ed. 2008). A district court "may only grant a judgment contravening a jury's determination when 'the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party.'" Rivera-Castillo, 379 F.3d at 9 (quoting Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 759–60 (1st Cir. 1994)).

In reviewing a motion for judgment as a matter of law, the Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000); see also White v. N.H. Dep't. of Corrections, 221 F.3d 254, 259 (1st Cir. 2000). The Court "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151 (citation omitted). Pursuant to Rule 50, therefore, defendants Sustache's and Diaz's "motion[s]

Civil No. 08-1486 (FAB)                                              4

for judgment cannot be granted unless, as a matter of law, [plaintiffs have] failed to make a case . . . ." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

## II.  DISCUSSION

### A.  Defendant Sustache

#### 1.  Rule 50 Motion

Defendant Sustache first argues that plaintiffs could not prevail as a matter of law on their section 1983 claim.[4] He contends that he did not deprive Mr. Caceres of any constitutional right:  "There was no agreement, no reckless indifference, and no intention to violate any of Caceres' rights." (Docket No. 468 at p. 4.)  "There is no evidence that defendant Sustache acted voluntarily and deliberately, or with reckless disregard for [Mr.] Caceres' life during this incident." <u>Id.</u>  He adds that he "did not have a realistic opportunity to stop the shooting by defendant Pagan, . . . [and] his "omission, if any[,] was caused by possible mistake, accident, negligence or other innocent reason." <u>Id.</u>

---

[4] To prevail on their section 1983 claim, plaintiffs had the burden of proving by a preponderance of the evidence: (1) that the conduct complained of was committed by a person acting under color of state law; (2) that the conduct deprived Mr. Caceres of rights, privileges or immunities secured by the Constitution or laws of the United States; and (3) that one or more of the defendants' acts were the proximate cause of the injuries and consequent damages sustained by Mr. Caceres. (Docket No. 463 at p. 21.)

Second, defendant Sustache argues that judgment as a matter of law is warranted as to plaintiffs' article 1802 claim.[5] His argument rests on the contention that "[t]here is no proof of negligence . . . since the surprising events took place in a matter of seconds, making foreseeability practically impossible. [Defendant] Sustache did not cause nor did he contribute to the damages in this case."[6] Id.

The Court finds that a legally sufficient evidentiary basis existed for a reasonable jury to find defendant Sustache liable under both section 1983 and article 1802. In support of their claims, plaintiffs submitted a video recording depicting the events that led up to and included the shooting of Mr. Caceres. The video captured in real time the various movements of Mr. Caceres and the police officers, including those of defendant Sustache. Plaintiffs also called numerous witnesses who

---

[5] To prevail on their article 1802 claim, plaintiffs had the burden of proving by a preponderance of the evidence: (1) that defendants Sustache or Diaz committed an act or omission constituting fault or negligence; (2) that the plaintiffs suffered injuries; and (3) that defendants Sustache's or Diaz's act(s) or omission(s) were a proximate cause of plaintiffs' injuries. (Docket No. 468 at p. 37.)

[6] Defendant Sustache also references a "particular jury instruction," the denial of which "played a role in the verdict rendered . . . ." (Docket No. 468 at p. 4.) The Court has no frame of reference in which to even begin addressing defendant Sustache's insinuation that the denial of a jury instruction improperly influenced the verdict. The Court refuses "to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . . Judges are not expected to be mind-readers." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Conclusory and woefully undeveloped, that argument is waived. See McDonough v. Donahoe, 673 F.3d 41, 49 n.14 (1st Cir. 2012).

testified as to the events and the actions of Mr. Caceres and the officers—including those of defendant Sustache—at the scene. In addition, plaintiffs introduced into evidence defendant Diaz's deposition testimony and a Puerto Rico Police incident report, and they called defendant Sustache to testify as an adverse witness. They also submitted photographs of the plaintiffs with their decedent, Mr. Caceres; testimony and psychological treatment records regarding plaintiffs since Mr. Caceres' death; and letters and cards offering condolences to the plaintiffs after the family's loss. Given such evidence, the Court does not find this to be a case where a reasonable jury would have lacked a legally sufficient evidentiary basis to find that each of the elements of a section 1983 and an article 1802 claim were satisfied. (See Docket Nos. 433, 438, 439, 440, 443–445, 460, & Trial Exhibits.)

In his Rule 50 motion, defendant Sustache offers his *own* version of the facts, (see Docket No. 468 at pp. 2–3), and then argues, "Given these facts, it is clear that [defendant] Sustache did not . . . deprive [Mr.] Caceres of any right under the Constitution." Id. at p. 3. A Rule 50 motion requires the Court to refrain from making credibility determinations or weighing the evidence, and yet that is precisely what defendant Sustache asks the Court to do. See Reeves, 530 U.S. at 150–52 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those

Civil No. 08-1486 (FAB)                                                  7

of a judge.") (internal citation omitted).  Simply because the jury did not follow defendant Sustache's preferred interpretation of the evidence does not mean that a reasonable person could not have reached the conclusion reflected in the verdict.  The jury was free to weigh the perceived credibility of the witnesses and credit or discount their testimony accordingly.  See Aponte-Rivera v. DHL Solutions (USA), Inc., 650 F.3d 803, 808-09 (1st Cir. 2011).  That being the case, the Court declines to conclude that the jury did not "have a legally sufficient evidentiary basis to find" that plaintiffs failed to prove their claims by a preponderance of the evidence.  See Fed.R.Civ.P. 50(a)(1).  Accordingly, defendant Sustache's Rule 50 motion is **DENIED.**

   2.   **Rule 59 Request**

        Defendant Sustache's alternate request for a new trial pursuant to Rule 59 suffers the same fate.  "[W]hen an argument that the evidence was insufficient forms the basis of a motion for new trial, the district court is generally well within the bounds of its discretion in denying the motion using the same reasoning as in its denial of a motion for judgment as a matter of law."  Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994) (describing review of Rule 50 and Rule 59 challenges based on insufficient evidence as "essentially coterminous").  From the arguments presented in defendant Sustache's motion, there appears to be no convincing basis upon which to conclude that "the motion was so

Civil No. 08-1486 (FAB)                                                8

clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." See PH Group Ltd. v. Birch, 985 F.2d 649, 653 (1st Cir. 1993) (internal quotations and citation omitted).  Much like defendant Sustache's request for judgment as a matter of law, his request for a new trial asks the Court to invade the province of the jury and make credibility determinations other than those supporting the verdict.  (See Docket No. 468.)  For the reasons expressed above, the Court declines to do so.  Accordingly, defendant Sustache's motion, (Docket No. 468), is **DENIED**.

### B.  Defendant Diaz

#### 1.  Rule 50 Motion

Defendant Diaz also seeks relief pursuant to Rule 50 as to plaintiffs' section 1983 and article 1802 claims.  First, she contends that the section 1983 claim must fail because evidence "never was presented that she deviated from correct police protocols and procedures."  (Docket No. 469 at p. 1.)  She argues that she had probable cause to conduct a warrantless arrest against Mr. Caceres; that plaintiffs improperly alleged at trial that the defendant officers failed to inform Mr. Caceres of the reason for attempting to arrest him; that Mr. Caceres resisted arrest; that a person has no right to resist an arrest; that Mr. Caceres' resistance was an intervening factor between any act or omission of defendant Diaz's and Mr. Caceres' death; and that plaintiffs

Civil No. 08-1486 (FAB)                                                  9

improperly argued at trial that Mr. Caceres' death was a consequence of defendants' failure to inform him as to the reason for his arrest.  Id. at pp. 4-5.  Defendant Diaz also contends that plaintiffs could not establish an excessive force claim against her because "[t]here is no evidence that [defendant] Diaz engaged in the use of excesive [sic] force."  Id. at p. 6.  Nor could plaintiffs prevail on a failure to intervene claim, because plaintiffs "failed to present any evidence that support[s] their allegation that [defendant] Diaz was in a position to intervene and stop Pagan, [or] that she had a realistic opportunity to intervene[, . . . or that she had] the intentional failure to intervene."  Id. at p. 7.

        Second, defendant Diaz contests plaintiffs' article 1802 claim because "[t]he evidence support[s] the fact that defendant Diaz was not negligent and that there is no causal [relation] between [Mr.] Caceres' death and [defendant] Diaz's actions or omissions . . . ."  (Docket No. 469 at p. 9.)  She argues that plaintiffs failed to establish a cause of action pursuant to article 1802 because "[i]t's an uncontested fact that [Mr.] Caceres resisted arrest.  Therefore, force was necessary to subdue him.  There is no evidence that [defendant] Diaz used force [or] that she was in [a position] to stop the use of force."  Id. at pp. 9-10.

For the same reasons it denies defendant Sustache's motion, the Court finds that defendant Diaz's motion for judgment as a matter of law must fail. A legally sufficient evidentiary basis existed for a reasonable jury to find defendant Diaz liable under both section 1983 and article 1802. Plaintiffs introduced a video recording and called numerous witnesses at trial to testify to the events and to the actions of the officers at the scene on August 11, 2007. A reasonable jury could have found in favor of plaintiffs on both claims, given that evidence as well as defendant Diaz's own deposition testimony; the Puerto Rico Police incident report; defendant Sustache's trial testimony; and plaintiffs' photographs, psychological treatment records, and condolence letters. The Court finds unavailing defendant Diaz's claim that there is "no evidence" demonstrating that she "engaged in the use of exces[s]ive force," id. at p.6; "was in a position to intervene or stop Pagan," id. at p.7; "had a realistic opportunity to intervene," id.; "intentional[ly] fail[ed] to intervene," id.; was negligent, id. at p. 9; "used force," id.; "was in a position to stop the use of force," id.; or that there was "a causal relation between [Mr.] Caceres' death and [defendant] Diaz's actions or omissions," id. at pp. 9-10.

Like defendant Sustache, defendant Diaz offers her own version of the facts and disputes the jury's verdict based on that interpretation. (See Docket No. 469.) As the Court discussed

above, however, "the weighing of the evidence, and the drawing of legitimate inferences from the facts" are the province of the jury, and simply because the jury did not follow defendant Diaz's preferred interpretation of the evidence does not mean that a reasonable jury could not have reached the conclusion ultimately reflected in the verdict. See Reeves, 530 U.S. at 150-52; see also Docket Nos. 433, 438, 439, 440, 443-445, 460, & Trial Exhibits. Because this is not a case where a reasonable jury would have lacked a legally sufficient evidentiary basis to find that the elements of a section 1983 and an article 1802 claim were satisfied, the Court **DENIES** defendant Diaz's Rule 50 motion.

   **2.   Rule 59 Request**

Finally, defendant Diaz seeks relief pursuant to Rule 59 because the Court failed to instruct the jury "regarding the fact that [Mr.] Caceres did [not have] a constitutional right to resist arrest and that there is no constitutional right to be informed of the reason of the arrest." (Docket No. 469 at p. 10.) She argues that the Court erred in failing "to instruct the jury regarding Rules 11, 13 and 16 of Puerto Rico's Criminal Procedure," and that the denial of those instructions "was detrimental, damaging and wrongfully harmful[] to defendant [Diaz's] rights." Id.

Defendant Diaz misconstrues the elements that were required to establish plaintiffs' section 1983 claim against her.

To support her argument, defendant Diaz cites to <u>Santana v. United States</u>, 919 F. Supp. 558, 564 (D.P.R. 1996), a case in which another judge in this district analyzed claims for malicious prosecution, false arrest/illegal deprivation of liberty, and tortious conduct.  The causes of action in <u>Santana</u> were brought pursuant to the Federal Tort Claims Act and specifically required that the claims "be examined according to Puerto Rico law." <u>Santana</u>, 919 F. Supp. at 562.  Plaintiffs' claims in this case, to the contrary, rest on a section 1983 analysis, and section 1983 "creates a private right of action for violations of *federally* protected rights." <u>Marrero-Gutierrez v. Molina</u>, 491 F.3d 1, 5 (1st Cir. 2007) (emphasis added).  Instructing the jury as to Puerto Rico law, therefore, would have been inappropriate and erroneous.  Moreover, section 1983 does not require an instruction as to the *absence* of constitutional rights—to have instructed the jury that Mr. Caceres "did not ha[ve] a constitutional right to resist arrest and that there is no constitutional right to be informed of the reason of the arrest" would have been irrelevant to the elements of a section 1983 claim, and, thus, improper.  Because the Court instructed the jury as to the elements of a section 1983 claim,[7] it

---

[7] The Court instructed the jury that in their section 1983 claim, plaintiffs allege that defendants Sustache and Diaz "subjected Mr. Caceres to deprivation of his rights by:  first, attempting to arrest Mr. Caceres without probable cause; or second, failing to intervene to prevent or stop the use of excessive force against Mr. Caceres." (Docket No. 463 at p. 29.)  It then instructed the jury as to probable cause, (<u>id.</u> at pp. 30-31); excessive force, <u>id.</u> at p. 32-34; and failure to intervene, <u>id.</u> at pp. 35-36.

Civil No. 08-1486 (FAB)                                                      13

was not erroneous to deny defendant Diaz's request for instructions regarding (1) the laws of Puerto Rico and (2) the absence of constitutional rights to resist arrest or be informed of the reasons for an arrest.  Accordingly, defendant Diaz's Rule 59 motion for a new trial is **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** defendant Carlos Sustache-Sustache's motion pursuant to Rule 50 and Rule 59, (Docket No. 468), and **DENIES** defendant Zulma Diaz's motion pursuant to Rule 50 and Rule 59, (Docket No. 469).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 28, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE